IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. ___**2:05CR137-F**___ |
| | ) | [18 U.S.C. §§ 1503 and 2; and |
| v. | ) | 18 U.S.C. §§ 1030 (a)(2)(B), |
| | ) | 1030(c)(2)(B)(i) and (ii) and 2] |
| GEORGE DAVID SALUM III | ) | |
| | ) | INDICTMENT |

**FILED**

**MAY 2 5 2005**

**CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.**

The Grand Jury charges:

COUNT 1

A. Introduction

At all times relevant to this indictment unless otherwise specified:

1.     The Montgomery Police Department (MPD) was a law enforcement agency of the City and County of Montgomery and State of Alabama.

2.     **GEORGE DAVID SALUM III** was a Lieutenant employed by the MPD in Montgomery, Alabama.  As a police officer, **SALUM** was sworn to support the Constitution of the United States and of the State of Alabama, and the charter and ordinances of the City of Montgomery, Alabama, and to faithfully demean himself in office.

3.     Johnny G. White, Jr. (White) was a self-employed private investigator who worked in and near Montgomery, Alabama.

4.     On November 19, 2003, a Federal Grand Jury for the Middle District of Alabama returned an indictment captioned *United States v. Leon Carmichael, Sr., also known as Beaver Leon Carmichael, and Freddie Williams*, Crim. No. 2:03-cr-259-T.  The indictment alleged conspiracy to possess with intent to distribute and distribute more than 3,000 kilograms of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and

conspiracy to knowingly engage in certain kinds of financial transactions, commonly known as money laundering, in violation of Title 18, United States Code, Section 1956(h).

5.    Trial of *United States v. Carmichael and Williams* was scheduled to begin in United States District Court for the Middle District of Alabama on January 26, 2004.

6.    David DeJohn (DeJohn) was a sworn police officer employed by the Prattville Police Department (PPD) in Prattville, Alabama, a neighboring municipality of Montgomery, Alabama. Prior to working for PPD, DeJohn was an officer with the MPD. DeJohn was detailed to the United States Drug Enforcement Administration (DEA) as a Task Force Officer (TFO), assigned to investigate the case against Leon Carmichael (Carmichael). DeJohn was scheduled to be a witness against Carmichael.

7.    On November 24, 2003, Montgomery attorney Stephen R. Glassroth (Glassroth) entered an appearance in the United States District Court for the Middle District of Alabama as counsel of record for Carmichael.

8.    In 2004, Glassroth hired White as a private investigator to assist in the defense of Carmichael. Glassroth directed White to obtain information about DeJohn, to include a photograph of DeJohn and the MPD personnel file of DeJohn. Glassroth further directed White to obtain criminal histories of other government witnesses expected to testify against Carmichael.

9.    After the return of the indictment against him, Carmichael and others set up a website, "Carmichaelcase.com," which posted the photographs of and solicited information about informants and agents. When first posted, the website identified DeJohn by name, and noted "Picture Coming." Three photographs of DeJohn were later posted to the website, including DeJohn's official MPD personnel file photograph.

2

10.    The "Alabama Criminal Justice Information System" (ACJIS) was connected to a system that houses nationwide criminal records, the "National Crime Information Center" (NCIC).  The ACJIS was based in Montgomery, Alabama, and was maintained for the use of Alabama law enforcement personnel.  The NCIC was based in Clarksburg, West Virginia, was maintained by the Federal Bureau of Investigation (FBI), and was used by police agencies nationwide, including the MPD.  A name checked through ACJIS was usually automatically run through the NCIC database.  Access to both ACJIS and NCIC were controlled by strict rules which required that they be used for law enforcement purposes only.  The MPD agreed in writing to adhere to the rules and regulations governing use of NCIC, and to use the system only for legitimate law enforcement purposes.

11.    At no time relevant to this Indictment was White authorized to access NCIC or ACJIS databases.

12.    At no time relevant to this Indictment was **SALUM** or any MPD officer authorized to provide MPD officer personnel files, MPD officer photographs, or NCIC/ACJIS information obtained from MPD terminals to private investigators on request or demand, in exchange for payment of United States currency or otherwise.

13.    On November 4, 2004, Glassroth moved to withdraw as counsel for Carmichael. On November 8, 2004, the United States District Court granted Glassroth's motion.

B.  Charge

That from in or about June 2004 through in or about October 2004, the defendant,

**GEORGE DAVID SALUM III,**

3

aided, abetted, counseled and induced by others known and unknown to the Grand Jury, did

corruptly influence, obstruct and impede and endeavor to influence, obstruct and impede the due

administration of justice in *United States v. Leon Carmichael and Freddie Williams,* Crim. No.

2:03-cr-259-T, in the United States District Court for the Middle District of Alabama, by

providing the MPD personnel file and photograph of government witness David DeJohn and

NCIC/ACJIS database criminal histories and backgrounds of prospective government witnesses

to Johnny G. White, Jr., whom the defendant knew to be employed on behalf of federal criminal

defendant Carmichael, knowing that White intended to provide the personnel file, photograph,

and NCIC/ACJIS material to Carmichael and/or his counsel for use in attempting to impeach or

to discredit DeJohn and to intimidate DeJohn and other prospective government witnesses; all in

violation of Title 18, United States Code, Sections 1503 and 2.

COUNT 2

That on or about July 3, 2004, in the Middle District of Alabama, the defendant,

**GEORGE DAVID SALUM III,**

aided, abetted, counseled and induced by others known and unknown to the Grand Jury, did

intentionally access the NCIC computer database without authorization and in excess of

authorization, and did thereby obtain information from a department and agency of the United

States, for the purpose of financial gain and in furtherance of criminal and tortious acts in

violation of the U.S. Constitution and laws of the United States and the State of Alabama; all in

violation of Title 18, United States Code, Sections 1030(a)(2)(B), 1030(c)(2)(B)(i) and (ii), and

2.

4

A TRUE BILL:

_____
Foreperson

_____
GREGORY R. MILLER
United States Attorney for the Northern District of Florida
delegee of the United States Attorney General

_____
DIXIE A. MORROW
Special Attorney to the United States Attorney General

5