RECEIVED
2005 JUN -2 P 2: 10
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) CRIM NO. 2:05CR137-F |
| | ) |
| GEORGE DAVID SALUM III | ) |
| | ) |
| DEFENDANT | ) |

## MOTION FOR PRETRIAL CONFERENCE

COMES NOW the Defendant, George David Salum III, by and through his attorneys of record, Julian L. McPhillips, Jr., pursuant to Federal Rules of Criminal Procedure (F.R.Cr.P.) Rule 17.1, moves this Honorable Court to order a Pre-Trial Conference. In support of this motion, the Defendant shows the following:

   1. The indictment in the instant case contains 2 (two) counts alleging criminal activity.

   2. In order to promote a fair and expeditious trial, the Defendant moves:

   (A) That a pretrial conference be held in open Court on a date mutually selected by the Defendant and the Government attorneys prosecuting this case;

   (B) That no admissions against interest made by the Defendant or his attorney at the conference shall be used against the Defendant unless the admissions are reduced to writing and are signed by the Defendant and his attorney;

(C) That a court reporter will be present at the Conference;

(D) That at the pretrial conference, attempts will be made to:

    (1) Mark for identification any documents of the Plaintiff and Defendant.

    (2) Consider the production to the Defendant of Jencks Act statements and *Brady and Giglio* materials prior to the testimony of the witness.

    (3) Obviate hearings on bills of particulars and discovery.

    (4) Explore procedures for the trial, including:

        (i) Juror lists and questionnaires;

        (ii) Voir dire;

        (iii) Use of Grand jury transcripts of witnesses who testified before the Grand Jury. <u>Dennis vs. United States, 384 U.S. 855 (1966)</u>.

        (iv) Disclosure of evidence favorable to defendants on the issue of guilt under <u>United States v. Giglio, 405 U.S. 150 (1972) and Brady v. Maryland, 373 U.S. 83 (1963)</u>.

(E) That following pretrial conference, an Order will be

prepared for signature by the Defendants, their attorneys and the United States Attorneys, summarizing any stipulations and agreements.

WHEREFORE, Defendant moves this Court to order a pretrial conference.

Respectfully submitted this 2nd day of June, 2005.

_/s/ Julian L. McPhillips, Jr._

OF COUNSEL:
**MCPHILLIPS SHINBAUM, L.L.P**
P. O. Box 64
Montgomery, AL 36101
(334) 262-1911

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Pretrial Conference was served via hand-delivery on this the 2nd day of June, 2005, upon:

Gregory R. Miller
United States Attorney
21 E. Garden St., Ste. 400
Pensacola, FL 32502

Dixie A. Morrow
Assistant United States Attorney
21 E. Garden St., Ste. 400
Pensacola, FL 32502

_/s/_
Of Counsel