IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. NO. **2:05cr137-F** |
| | ) | |
| **GEORGE DAVID SALUM III** | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF FEDERAL GRAND JURY TRANSCRIPT BY STATE DEFENDANT

COMES NOW the United States of America, by and through its attorneys, Gregory R. Miller, United States Attorney for the Northern District of Florida, and the undersigned Assistant United States Attorney, and files this response to Defendant's Motion for Disclosure of Federal Grand Jury Transcript by State Defendant  (Doc. 14).

### Statement of Facts

1.

By motion served on the United States on June 2, 2005, Defendant SALUM seeks production of Grand Jury material:

> which, upon inspection, would be relevant to the charges against Defendant Salum, and is exculpatory in nature, including but not limited to:
>
> a. Statements by Leon Carmichael relating to the alleged obstruction.
> b. Statements made by Johnny White relating to the alleged obstruction.
> c. Evidence of business relationships between George David Salum and Leon Carmichael and/or Johnny White.

(Doc. 14 at para. 14, unnumbered pp. 4-5).

2.

Leon Carmichael is a federal criminal defendant pending trial in the United States District Court for the Middle District of Alabama.  *United States v. Leon Carmichael and Freddie*

*Williams,* Crim. No. 2:05-cr-259-T (Doc. 227).  He did not testify before the Federal Grand Jury

which returned the indictment against Defendant SALUM.  Statements made by Leon

Carmichael are contained in the testimony of other Grand Jury witnesses.

3.

Statements made by unindicted co-conspirators Johnny G. White, Jr. to the Federal Grand

Jury must and will be timely disclosed to Defendant SALUM consistent with Fed.R.Crim.P.

26.2, the Jencks Act, and this Court's Standing Order on Criminal Discovery.  (Cr. Misc. #534).

4.

"Evidence of business relationships between George David Salum and Leon Carmichael

and/or Johnny White" is so vague as to prohibit a determination of their relevance to the instant

criminal proceeding or to where, if at all, such evidence is contained in Grand Jury material.

(Doc. 14 at para. 14, unnumbered pp. 4-5).

**Discussion of Law**

Generally, there are four bases for pre-trial disclosure to a defendant of grand jury

material.  Two are not relied upon by Defendant SALUM in his motion, and are therefore not

discussed: (1) disclosure to the defendant of his own testimony, pursuant to Fed.R.Crim.P.

16(a)(1)(A)[1]; (2) disclosure to the defendant of grand jury transcripts upon a showing of grand

---

[1]Here, as disclosed to the defendant in discovery on June 2, 2005, no such statements are within the custody or control of the government: the defendant was not recorded; the defendant made no statement to a known law enforcement officer; the defendant did not testify before the Federal Grand Jury.  (Letter to Attorney McPhillips dated June 2, 2005, "Discovery to Defendant - I").

jury abuse.[2]

The government is not required by Rule 16 to disclose the grand jury transcript of a non-defendant witness who reiterates what was said by the defendant. Fed.R.Crim.P. 16. *See United States v. Callahan,* 534 F.2d 763, 765-66 (7th Cir.), *cert. denied,* 429 U.S. 830 (1976); *United States v. Walk,* 533 F.2d 417, 418-20 (9th Cir. 1975). The exceptions to the rule are Jencks Act and Rule 26.2 disclosures, and disclosure of *Brady* material.

### A. Disclosure of Grand Jury Transcripts of Government Witnesses Pursuant to the Jencks Act and Rule 26.2.

The Jencks Act and Rule 26.2 require production to the defendant, upon motion, of any prior statement of a witness that relates to the subject of the witness' testimony. 18 U.S.C. § 3500; Fed.R.Crim.P. 26.2. According to Rule 26.2(f)(3), "a statement, however taken or recorded, or a transcription thereof, made by a witness to a grand jury" is included in the definition of "statement." *Id.* The Jencks Act applies only to criminal trials; it does not apply to pretrial proceedings, such as suppression hearings. 18 U.S.C. § 3500. Under both the Jencks Act and Rule 26.2, the United States cannot be required to produce a witness' grand jury transcript until after the witness has testified on direct examination. *United States v. Calderon,* 127 F.3d 1314 (11th Cir. 1997); *United States v. Liuzzo,* 739 F.2d 541, 544 (11th Cir. 1984); *United States v. Campugnuolo,* 592 F.2d 852, 863-64 (5th Cir. 1979).

Consistent with this Court's suggestion of early disclosure of Jencks Act material to

---

[2]Defendant SALUM has made no allegation, supported by specific facts, of grand jury abuse. His motion does not claim that grounds may exist nor that the grand jury material he seeks to have disclosed is necessary for this Court to evaluate an allegation of abuse. *See United States v. Cole,* 755 F.2d 748, 758-59 (11th Cir. 1985).

avoid delay or interruption at trial, the undersigned advised Counsel for Defendant during pre-arraignment discovery that Jencks Act material will be provided to him the day prior to a witness' testimony.  (Cr. Misc. #534, para. 2(A) at p. 3).

### B.  Disclosure of Brady material.

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the United States Supreme Court held that the prosecution's suppression of evidence favorable to the defendant who had requested it violates due process if the evidence is material to either the defendant's guilt or to punishment, regardless of the good faith or bad faith of the government attorneys in failing to disclose it. However, contrary to what Defendant SALUM's motion suggests, *Brady* did not create an absolute right of access to grand jury testimony of possible defense witnesses.  *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  To the extent that *Brady* material is contained in grand jury material other than in transcripts of witnesses who will testify at trial, it should be produced. No such "non-transcript" *Brady* material is responsive to Defendant SALUM's motion.[3]

The United States satisfies its *Brady* obligation so long as it discloses *Brady* material in sufficient time for the defendant to make effective use of it.  *Id*.  When either exculpatory or impeaching *Brady* material is contained within Jencks Act material, disclosure is timely if the United States complies with the Jencks Act.  *United States v. Martino,* 648 F.2d 367, 384 (5th Cir. Unit B 1981); *see also United States v. Campagnuolo,* 592 F.2d at 863-64 (court invalidated discovery order requiring pretrial disclosure of exculpatory *Brady* material contained in Jencks

---

[3]In pre-arraignment discovery on June 2, 2005, the United States supplied Counsel for Defendant with 12 sets of documents, and noticed him of how to arrange inspection of an additional six documents maintained in the custody and control of the local Federal Bureau of Investigation.  (Letter to Attorney McPhillips dated June 2, 2005, "Discovery to Defendant - I").

Act statements).   Consistent with this Court's suggestion of early disclosure of Jencks Act material to avoid delay or interruption at trial, the undersigned advised Counsel for Defendant during pre-arraignment discovery that Jencks Act material will be provided to him the day prior to a witness' testimony.  (Cr. Misc. #534, para. 2(A) at p. 3).

### Conclusion and Requested Relief

The decision to disclose grand jury material is a matter within the sound discretion of this Court.  Defendant SALUM's effort to obtain grand jury material can only succeed,  however, with a showing of particularized need.  "Particularized need" is not demonstrated by a general allegation that grand jury material is needed to prepare the defense.  *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958); *United States v. Cole*, 755 F.2d 748 (11th Cir. 1985); *United States v. Burke*, 856 F.2d 1492 (11th Cir. 1988).  Here, Defendant SALUM has shown no particularized need warranting disclosure earlier than is contemplated by Fed.R.Crim.P. 26.2 and the Jencks Act.

WHEREFORE, the United States requests that the Court deny the defendant's motion for relief.

RESPECTFULLY SUBMITTED this **3**[rd] day of June, 2005.

GREGORY R. MILLER
United States Attorney

/s/ Dixie A. Morrow
DIXIE A. MORROW
Assistant United States Attorney
Florida Bar No. 0354589
Georgia Bar No. 525543
Texas Bar No. 24034796
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF FEDERAL GRAND JURY TRANSCRIPT BY STATE DEFENDANT upon the defendant by electronic filing with and noticing by the Clerk of Court, and by mailing an additional courtesy copy of same to the defendant's counsel of record: Julian L. McPhillips, Jr., McPHILLIPS SHINBAUM LLP, Post Office Box 64, Montgomery, Alabama 36101.

THIS **3**rd day of June, 2005.

GREGORY R. MILLER
United States Attorney

/s/ Dixie A. Morrow
DIXIE A. MORROW
Assistant United States Attorney
Florida Bar No. 0354589
Georgia Bar No. 525543
Texas Bar No. 24034796
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000