RECEIVED
2005 JUN -7 P 3: 24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) CRIM NO. 2:05CR137-F |
| | ) |
| GEORGE DAVID SALUM III | ) |

### SUPPLEMENTAL MOTION FOR DISCLOSURE OF FEDERAL GRAND JURY TRANSCRIPT BY STATE DEFENDANT

COMES NOW the Defendant, George David Salum III, by and through his attorneys of record, Julian L. McPhillips, Jr., and hereby supplements his motion to this Honorable Court to enter an Order pursuant to Rule 6 of the Federal Rules of Criminal Procedure, requiring the Government to provide certain information and documents, as more specifically set forth herein, on or before June 15, 2005, and avers the following facts in support thereof (**the supplement part is bold printed in paragraph 13 (d)**):

1. The Defendant George David Salum, III, is presently a defendant in the cause of <u>United States of America vs. George David Salum, III</u>, Case No. 2:05CR137-F charging him with aiding, abetting, counseled, and inducing by others known and unknown to the Grand Jury, did corruptly influence, obstruct and impede and endeavor to influence, obstruct and impede the due

1

administration of justice. The date of said alleged offense is July 3, 2004.

2. An alleged victim and the chief United States of America witness is Raymond David DeJohn.

3. Leon Carmichael was the subject matter of an investigation by the Federal Bureau of Investigation, the Bureau of Alcohol, Tobacco and Firearms of the United States Government, and the Montgomery County Criminal Investigation Division.

4. On or about November 19, 2003, the Federal Grand Jury for the Middle District of Alabama returned an indictment against Leon Carmichael.

5. Raymond David DeJohn was a sworn police officer employed by the Prattville Police Department in Prattville, Alabama, a neighboring municipality of Montgomery, Alabama. Prior to working for PPD, DeJohn was an officer with the MPD. DeJohn was detailed to the U.S. Drug Enforcement Administration as a Task Force Officer, and was assigned to investigate the case against Carmichael. DeJohn was scheduled to be a witness against Carmichael.

6. On November 24, 2003, Montgomery Attorney Stephen R. Glassroth entered an appearance in the U.S. District Court as counsel of record for Carmichael.

7. In 2004, Glassroth allegedly hired private investigator Johnny G. White, Jr., as a private investigator to assist in the defense of Carmichael. Glassroth allegedly directed White to obtain information about DeJohn, to allegedly include a photograph of DeJohn and the MPD personnel file of DeJohn.

8. After the return of the indictment against Carmichael, according to the indictment of Salum, Carmichael and others allegedly set up a website which posted the photographs of and solicited information from informants and agents. When first posted, the website identified DeJohn by name and noted "picture coming." Three photographs of DeJohn were later posted to the website, including DeJohn's official MPD personnel file photograph.

9. Defendant Salum was indicted on July 3, 2004. According to said indictment, Salum allegedly aided, abetted, received counsel from others, and corruptly influenced, obstructed, impeded and endeavored to influence, obstruct and impede the due administration of justice in the <u>U.S. vs. Leon Carmichael</u>, by providing the MPD Personnel file and photograph of witness Raymond David DeJohn and NCIC/ACJIS database criminal histories and backgrounds of prospective government witnesses to

     Johnny G. White, Jr.. Said indictment further alleges that defendant Salum knew White to be employed on behalf of federal criminal defendant Carmichael, further knowing that White intended to provide the personnel file, photograph, and NCIC/ASJIS material to Carmichael and/or his counsel for use an attempt to impeach discredit DeJohn and to intimidate DeJohn and other prospective government witnesses; all in violation of Title 18, U.S.C. Section 1503 and 2.

10. There is presently pending in the Middle District of Alabama, Norther Division, a Federal Grand Jury proceeding, focusing on various individuals, including Leon Carmichael.

11. The Defendant has filed a Motion to Produce Evidence, a copy of which is attached hereto as Exhibit A, requesting the United States produce, through its Criminal Investigation Division, any evidence of this investigation which may be considered exculpatory evidence within the meaning of <u>Brady vs. Maryland, 373 U.S. 83 (1963).</u>

12. Due to the secrecy of the Grand Jury, the Defendant has been denied access to any information by the Montgomery County Criminal Investigation Division, and the United States Attorney's Office which is relevant to the facts

surrounding the alleged obstruction of July 3, 2004.

13. **The Defendant, in his request for discovery of Grand Jury material, is seeking only that evidence which, upon inspection, would be relevant to the charges against Defendant Salum, and is exculpatory in nature, including but not limited to:**

   a.  Statements made by Leon Carmichael relating to the alleged obstruction.

   b.  Statements made by Johnny White relating to the alleged obstruction.

   c.  Evidence of business relationships between George David Salum and Leon Carmichael and/or Johnny White.

   d.  **Statements made by Defendant Salum relating to the alleged obstruction.**

14. It is believed, and therefore averred, that the above enumerated evidence within the Grand Jury investigation involving Leon Carmichael, is exculpatory evidence within the means of <u>Brady vs. Maryland, supra</u>, which if denied to the Defendant Salum, would deny the Defendant the right of confrontation under the Sixth Amendment of the United States Constitution.

Wherefore, Defendant respectfully moves this Honorable Court to enter an Order requiring the U.S. Attorney's Office, Federal

Bureau of Investigation, and the Montgomery County Criminal Investigation Division to turn over to defense counsel all evidence within the meaning of <u>Brady vs. Maryland, supra</u>, or alternatively, that this Honorable Court conduct an in camera inspection to make the aforesaid determine.

Respectfully submitted this 6th day of June, 2005.

_____
Julian L. McPhillips, Jr.

OF COUNSEL:
**MCPHILLIPS SHINBAUM, L.L.P**
P. O. Box 64
Montgomery, AL 36101
(334) 262-1911

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Supplemental Motion for Disclosure of Federal Grand Jury Transcript was served via hand-delivery on this the 07 day of June, 2005, upon:

Gregory R. Miller
United States Attorney
21 E. Garden St., Ste. 400
Pensacola, FL 32502

Dixie A. Morrow
Assistant United States Attorney
21 E. Garden St., Ste. 400
Pensacola, FL 32502

_____
Of Counsel