IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,} PLAINTIFF | } } } | |
| V. | } } | CASE NUMBER 2:05CR137-F |
| GEORGE DAVID SALUM III, DEFENDANT | } } } | |

**MOTION TO DISMISS OF DEFENDANT**

COMES NOW the Defendant, George David Salum III, by and through counsel, and respectfully moves this Court to dismiss the Indictment and each Count thereof, on the following grounds, separately and severally:

1. The Indictment fails to allege an offense under the Constitution and laws of the United States.

2. This Court has no jurisdiction over the subject matter of the Indictment.

3. Count 1 of the indictment is duplicitous and multifarious, in that it charges both lawful and unlawful acts as violations.

4. Count 1 of the indictment is duplicitous and multifarious, in that it authorizes a conviction for obstruction justice on proof of lawful acts.

5. Count 1 of the indictment fails to allege a criminal offense, because it alleges lawful acts and intimidating a witness on the basis of facts, which are not reasonably calculated to intimidate, and the indictment does not allege how such facts constituted intimidation.

6. In the event this Court determines that Count I of the indictment does

charge an offense under Title 18, United States Code, Section 1502-1503, and correctly uses the codeword "corrupt", even where an attorney is attempting to impeach or discredit a witness, then the said statute is overly broad or vague, in violation of the Fourteenth Amendment and First Amendment to the U.S. Constitution.

      7.  Count 2 of the indictment fails to state an offense under federal law, because it alleges unauthorized use of the NCIC and ACJIS, while alleging facts showing that the defendant *was* authorized to use these databases.

      8. Count 2 of the indictment fails to state an offense under federal law, because it alleges facts showing only a possible violation of Montgomery Police Department rules, regulations, and policies.

      9. Count 2 of the indictment is vague and indefinite as to why the defendant, a ranking officer of a police agency authorized to access the NCIC and ACJIS, was not authorized to access the NCIC and ACJIS.

      10. Count 2 of the indictment fails to state an offense under federal law, because it fails to allege that the Defendant accessed the NCIC rather than the ACJIS only.

      11. Count 2 of the indictment fails to state an offense under federal law, because it alleges that the defendant acted, "...for the purpose of financial gain... .", as a conclusion, and does not allege how the accessing of the information resulted in financial gain or to whom the alleged financial gain allegedly accrued.

      12.  Count 2 of the indictment is vague and indefinite as to nature of the

alleged financial gain.

    13. Count 2 of the indictment fails to state an offense under federal law, because it alleges that the defendant acted, "...in furtherance of criminal and tortuous acts in violation of the... laws... ."... .", as a conclusion, and does not allege what were the alleged criminal and tortuous acts.

    14 Count 2 of the indictment is vague and indefinite as to nature of the alleged criminal and tortuous acts.

    15. Count 2 of the indictment fails to state an offense under federal law, because it fails to allege sufficient facts to permit the defendant to know the nature and cause of the indictment or to permit the Court to determine if the indictment alleges a criminal offense.

    WHEREFORE, THE ABOVE PREMISES CONSIDERED, the Defendant, George David Salum III, respectfully moves this Court to dismiss the indictment for failure to state an offense against the United States.

    Respectfully submitted this the 11th day of July, 2005.

    GEORGE DAVID SALUM, Defendant

    BY: Electronically signed by
       JULIAN L. MCPHILLIPS, JR.
       Attorney for Defendant
       Alabama Bar No. MCP004
    P.O. Box 64
    Montgomery, AL 36101
       334-262-1911

OF COUNSEL:
MCPHILLIPS SHINBAUM LLP
516 S. PERRY STREET
MONTGOMERY, AL 36104

**CERTIFICATE OF SERVICE**

     I hereby certify I have served a copy of the foregoing by placing a copy of same in the United States Postal Service, postage prepaid and properly addressed, and by electronic filing with the Clerk of the Court, to the following address on this the 11th day of July, 2005.

     Dixie Morrow
     Assistant United States Attorney
     Northern District of Florida
     21 E. Garden Street, Suite 400
     Pensacola, FL 32502

                                              Electronically signed by
                                              JULIAN L. MCPHILLIPS, JR.