RECEIVED
2005 JUL -7 P 4:58

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) CRIM NO. 2:05CR137-F |
| | ) |
| GEORGE DAVID SALUM III | ) |

**MOTION TO COMPEL SUBPOENA RESPONSES**

COMES NOW the Defendant, George David Salum III, by and through his attorneys of record, Julian L. McPhillips, Jr., and hereby moves this Honorable Court to issue an order compelling the third party subpoena recipients to respond to the subpoenas issued and served upon them on June 8, 2005. As grounds therefore, the undersigned shows the following:

1. The Defendant George David Salum, III, is presently a defendant in the cause of <u>United States of America vs. George David Salum, III</u>, Case No. 2:05CR137-F charging him with aiding, abetting, counseled, and inducing by others known and unknown to the Grand Jury, did corruptly influence, obstruct and impede and endeavor to influence, obstruct and impede the due administration of justice. The date of said alleged offense is July 3, 2004.

2. Due to the secrecy of the Grand Jury, the Defendant has been denied access to any information by the Montgomery

1

    County Criminal Investigation Division, and the United States Attorney's Office which is relevant to the facts surrounding the alleged obstruction of July 3, 2004.

3. **The Defendant, therefore, prepared, filed and served upon the Drug Enforcement Agency, the Alabama Bureau of Investigation, the Federal Bureau of Investigation, the Montgomery Police Department, and the Prattville Police Department, subpoenas requesting much needed investigative and criminal reports, and personnel records. See copies of said subpoenas attached hereto as Exhibit A.**

4. **The Defendant is seeking only that evidence which, upon inspection, would be relevant to the charges against Defendant Salum, and is exculpatory in nature.**

5. The undersigned counsel understands from Assistant U.S. District Attorney, Dixie Morrow, that she has advised the agencies in receipt of the subpoenas to not respond.

6. Neither party would be penalized by the production of said documents.

7. The Defendant and his counsel need the subpoenaed documents in order to prepare for the upcoming November 7, 2005 trial.

Wherefore, Defendant respectfully moves this Honorable Court to enter an Order requiring the U.S. Attorney's Office, Federal Bureau of Investigation, Alabama Bureau of Investigation, Prattville Police Department, Montgomery Police Department, and the Montgomery County Criminal Investigation Division to respond to the subpoenas issued and served upon them on June 8, 2005.

Respectfully submitted this 7th day of July, 2005.

_____
Julian L. McPhillips, Jr.

OF COUNSEL:
**MCPHILLIPS SHINBAUM, L.L.P**
P. O. Box 64
Montgomery, AL 36101
(334) 262-1911

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served via U.S. Mail, postage prepaid, on this the 7th day of July, 2005, upon:

Dixie A. Morrow
Assistant United States Attorney
21 E. Garden St., Ste. 400
Pensacola, FL 32502

Montgomery Police Department
Records Division
150 N. Ripley Street
Montgomery, Alabama

Alabama Bureau of Investigations
301 South Perry Street
Montgomery, Alabama 36104

Hon. David A. McDowell
145 W. Main Street
Prattville, Alabama 36067

3

Federal Bureau of Investigations  
Federal Task Force Division  
15 Lee Street  
Montgomery, Alabama 36104

Drug Enforcement Agency  
2350 Fairlane Drive  
Suite 200  
Montgomery, Alabama 36116

_____  
Of Counsel

# United States District Court

_____ MIDDLE _____ District of _____ NORTHERN DIVISION _____

UNITED STATES OF AMERICA

V.

**SUBPOENA IN A CRIMINAL CASE**

GEORGE DAVID SALUM III

CASE NUMBER: 2:05CR137 F

TO:

DRUG ENFORCEMENT AGENCY
2350 FAIRLANE DRIVE
SUITE 200
MONTGOMERY, ALABAMA 36116

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Investigative and criminal file of George David Salum III

| PLACE<br>Julian L. McPhillips, Jr.<br>McPhillips Shinbaum, L.L.P.<br>516 South Perry Street<br>Montgomery, Alabama 36101 | DATE AND TIME<br>July 8, 2005 |
|---|---|

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR A PLAINTIFF OR DEFENDANT)<br>*/s/ Julian McPhillips/* | DATE<br>06-08-05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

P.O. Box 64, Montgomery, AL 36101  334-262-1911

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR A PLAINTIFF OR DEFENDANT) | DATE 06/08/05 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

### PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 06/08/05 | Drug Enforcement Agency 2350 Fair lane Dr Montgomery, AL 36116 |
| SERVED ON (PRINT NAME) Tammy DeJohn | | MANNER OF SERVICE Hand delivery |
| SERVED BY (PRINT NAME) Kaylon D. Jenkins | | TITLE Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  06/08/05
             DATE

SIGNATURE OF SERVER

516 S. Perry St.
ADDRESS OF SERVER
Montgomery, AL 36104

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issue shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in o9rder to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver apples, or
(Iv) subjects a person to undue burden.

(B) If a subpoena
(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation material, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# United States District Court

__MIDDLE__ District of __NORTHERN DIVISION__

UNITED STATES OF AMERICA

V.

GEORGE DAVID SALUM III

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER: 2:05CR137 F

TO:

ALABAMA BUREAU OF INVESTIGATIONS
301 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Investigative and criminal file of George David Salum III

| PLACE | DATE AND TIME |
|---|---|
| Julian L. McPhillips, Jr.<br>McPhillips Shinbaum, L.L.P.<br>516 South Perry Street<br>Montgomery, Alabama 36101 | July 8, 2005 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR A PLAINTIFF OR DEFENDANT)

*/s/ Julian L. McPhillips*

DATE 06-08-05

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

516 South Perry St. Montgomery, AL 334-262-1911

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE 06/08/05 | PLACE Alabama Bureau of Investigation 301 Ripley St |
| SERVED ON (PRINT NAME) James Potts | | MANNER OF SERVICE Hand delivery |
| SERVED BY (PRINT NAME) Kaylon D. Jenkins | | TITLE Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  06/08/05
                    DATE

_Kay D. _____
SIGNATURE OF SERVER

516 S. Perry St.
Montgomery, AL 36104
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issue shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;
(Ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in o9rder to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver apples, or
(Iv) subjects a person to undue burden.
(B) If a subpoena
(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation material, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# United States District Court

__MIDDLE__ District of __NORTHERN DIVISION__

UNITED STATES OF AMERICA

V.

GEORGE DAVID SALUM III

## SUBPOENA IN A CRIMINAL CASE

CASE NUMBER: 2:05CR137 F

TO:

FEDERAL BUREAU OF INVESTIGATIONS
FEDERAL TASK FORCE DIVISION
15 LEE STREET
MONTGOMERY, ALABAMA 36104

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Investigative and criminal file of George David Salum III

| PLACE | DATE AND TIME |
|---|---|
| Julian L. McPhillips, Jr.<br>McPhillips Shinbaum, L.L.P.<br>516 South Perry Street<br>Montgomery, Alabama 36101 | July 8, 2005 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR A PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _/s/ Julian McPhillips_ | 06-08-05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

P.O. Box, Montgomery, AL 36101  334-262-1911  06-08-05

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 06/08/05 | Federal Bureau of Investigation |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Tom Hetrich | Hand delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Kaylon D. Jenkins | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  06/08/05
                   DATE

SIGNATURE OF SERVER

511 S. Perry St.
ADDRESS OF SERVER

Montgomery, Al. 36104

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issue shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

   (I) fails to allow reasonable time for compliance;
   (Ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in o9rder to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (Iii) requires disclosure of privileged or other protected matter and no exception or waiver apples, or
   (Iv) subjects a person to undue burden.
(B) If a subpoena
   (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (Iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation material, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# United States District Court

_____MIDDLE_____ District of _____NORTHERN DIVISION_____

UNITED STATES OF AMERICA
V.

GEORGE DAVID SALUM III

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER: 2:05CR137 F

TO:

PRATTVILLE POLICE DEPARTMENT
101 WEST MAIN
PRATTVILLE, ALABAMA 36067

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Personnel File of Raymond David DeJohn

| PLACE | DATE AND TIME |
|---|---|
| Julian L. McPhillips, Jr.<br>McPhillips Shinbaum, L.L.P.<br>516 South Perry Street<br>Montgomery, Alabama 36101 | July 8, 2005 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR A PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature: Julian McPhillips]* | 06 08 05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
P.O. Box 64, Montgomery, AL 36101   334-262-1911

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 06/09/05 | Prattville Police Dept. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Cpt. A.D. Oates | Hand delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Kaylon D. Jenkins | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  06/09/05
               DATE

SIGNATURE OF SERVER

516 S. Perry St.
ADDRESS OF SERVER

Montgomery, AL 36104

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issue shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless  commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in o9rder to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver apples, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation material, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# United States District Court

_____MIDDLE_____ District of _____NORTHERN DIVISION_____

UNITED STATES OF AMERICA
V.

GEORGE DAVID SALUM III

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER: 2:05CR137 F

TO:

MONTGOMERY POLICE DEPARTMENT
RECORDS DIVISION
150 N. RIPLEY STREET
MONTGOMERY, ALABAMA

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Personnel file of Montgomery Police Officers Mark Fox and Jay King
Personnel file of George David Salum III
Investigative file of George David Salum III
Personnel file of Raymond DeJohn
Professional/Business PI Investigative Packet of Ricky Moore, Johnny White and Team 6

| PLACE | DATE AND TIME |
|---|---|
| Julian L. McPhillips, Jr.<br>McPhillips Shinbaum, L.L.P.<br>516 South Perry Street<br>Montgomery, Alabama 36101 | July 8, 2005 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR A PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 06-08-05 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER || 
| P.O. Box 64, Montgomery, AL 36101    334-262-1911 ||

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 06/08/05 | Montgomery Police Dept, 150 N. Ripley St. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Teresia Jackson | Hand delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Kaylon D. Jenkins | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  06/08/05
             DATE

SIGNATURE OF SERVER: [signature]

ADDRESS OF SERVER: 516 S. Perry St. Montgomery, AL 36104

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issue shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in o9rder to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(Iii) requires disclosure of privileged or other protected matter and no exception or waiver apples, or
(Iv) subjects a person to undue burden.
(B) If a subpoena
(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation material, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.