IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM NO. **2:05cr137-F** |
| | ) | |
| **GEORGE DAVID SALUM III** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO COMPEL SUBPOENA RESPONSES**

COMES NOW the United States of America, by and through its attorneys, Gregory R.

Miller, United States Attorney for the Northern District of Florida, and the undersigned Assistant

United States Attorney, and files this response to Defendant's Motion to Compel Subpoena

Responses (Doc. 29).

**Statement of Facts**

1.

On June 2, 2005, the day before Defendant was arraigned, the undersigned Assistant

United States Attorney participated in a discovery conference with the defendant's counsel at the

Office of the United States Attorney for the Middle District of Alabama.   Appended to this

Response is a copy of the letter detailing those materials which were provided to Counsel for

Defendant, and those materials in the custody of the Federal Bureau of Investigation (FBI) which

he was invited to inspect.  (Attachment 1).   Among the materials provided to the defendant's

counsel was "Defendant's MPD Personnel Records." Id. , para. 1c(12) at p. 2.   Among the

material which defendant's counsel was invited to inspect at the FBI were "David DeJohn MPD

personnel file" and "David DeJohn Prattville Police Department (PPD) file." Id. para 1a(5), (6)

at p.1.  Counsel for Defendant was supplied with the agent name and telephone number to

arrange inspection of this material.  Id., para. 1a at p. 1.  To date, Counsel for Defendant has not inspected this file nor any of the discovery material in the custody of the FBI.

2.

On June 6, 2005, this Court denied (Doc. 21) the defendant's Motion for Disclosure of Federal Grand Jury Transcript by State (sic) Defendant (Doc. 14).  Therein, this Court found the defendant's request "premature for any disclosures mandated by the Jencks Act and Fed. R. Crim. P. 26.2 as the Motion fails to specify a particularized need for any immediate discovery of the entire grand jury transcript."  (Doc. 21, para. 1 at p. 1).  The defendant filed a Supplemental Motion for Disclosure of Federal Grand Jury Transcript by State (sic) Defendant on June 7, 2005 (Doc. 22), which this Court again denied (Doc. 26).

3.

On June 8 and 9, 2005, two days after this Court specifically found it premature to order production of Jencks Act and Fed. R. Crim. P. 26.2 material, Counsel for Defendant caused five subpoenas duces tecum to be served on State and Federal agencies in Montgomery, Alabama. (Attachments to Doc. 29).  The DEA, ABI and FBI were commanded to produce to the office of defendant's counsel  "Investigative and criminal file of George David Salum III."  Id.  The Prattville Police Department was commanded to produce to the office of defendant's counsel "Personnel File of Raymond David DeJohn."  Id.  The Montgomery Police Department was commanded to produce to the office of defendant's counsel "Personnel file of Montgomery Police Officers Mark Fox and Jay King, Personnel file of George David Salum III, Investigative file of George David Salum III, Personnel file of Raymond DeJohn, and Professional/Business PI Investigative Packet of Ricky Moore, Johnny White and Team 6."

4.

Defendant's statement that "The undersigned counsel understands from Assistant U.S. District (sic) Attorney, Dixie Morrow, that she has advised the agencies in receipt of the subpoenas to not respond(.)" is not accurate. (Doc. 29, para. 5 at p. 2). On or about July 6, 2005, a female member of Attorney McPhillips' staff called the undersigned Assistant United States Attorney to inquire about the subpoenas issued to "the FBI, ABI and DEA" by the defense. The undersigned Assistant United States Attorney advised that she was unaware a subpoena had been served on the Drug Enforcement Administration (DEA), since no agent or representative of that agency had contacted her. The undersigned Assistant United States Attorney further advised that she was called only by agents of the Alabama Bureau of Investigation (ABI) and Federal Bureau of Investigation (FBI) on their receipt of subpoenas; that those subpoenas were faxed to her by the agents; and that she advised the ABI and FBI that they need not comply with the subpoenas because they were not properly drawn and because their issuance would be a subject of this Court's Initial Pretrial Conference on July 14, 2005. Until the filing of the defendant's Motion to Compel, the undersigned was not aware that the defendant had served subpoenas upon the Prattville Police Department nor the Montgomery Police Department.

**Argument**

The issuance of subpoenas is within the sound discretion of the trial court. United States v. Thomas, 62 F.3d 1332 (11th Cir. 1995). In order to invoke the protection of the Compulsory Process Clause, the defendant is required to adhere to the rules of procedure that govern the court's proceedings. Taylor v. Illinois, 484 U.S. 400 (1988); Bolender v. Singletary, 16 F.3d 1547 (11th Cir. 1994). Rule 17(c) of the Federal Rules of Criminal Procedure governs the

issuance of trial subpoenas duces tecum of documents, data or objects in criminal cases. Fed. R.

Crim. P. 17(c) provides:

> (c) Producing Documents and Objects.
>
> > (1) In General. A subpoena may order the witness to produce any
> > books, papers, documents, data, or other objects the subpoena
> > designates. The court may direct the witness to produce the
> > designated items in court before trial or before they are to be
> > offered in evidence. When the items arrive, the court may permit
> > the parties and their attorneys to inspect all or part of them.
>
> > (2) Quashing or Modifying the Subpoena. On motion made
> > promptly, the court may quash or modify the subpoena if
> > compliance would be unreasonable or oppressive.

Subpoenas duces tecum may be issued for returns before trial by the prosecution or the

defense. United States v. Nixon, 418 U.S. 683, 698 (1974). However, decisions to enforce

subpoenas and to order pretrial production are discretionary with the trial court, "since the

necessity for the subpoena most often turns upon a determination of factual issues." Id. at 702.

The defendant has directed pretrial subpoenas to government agencies requesting

production of items that are not discoverable pursuant to Rule 16. Fed. R. Crim. P. 16. The only

specifically detailed records in the defendant's subpoenas – "Personnel file of Montgomery

Police Officers Mark Fox and Jay King" – are protected from advance discovery. Fed. R. Crim.

P. 16(a). Even the personnel files of testifying agents are not required to be disclosed without a

showing that they contain genuinely impeaching material. United States v. Quinn, 123 F.3d

1415, 1422 (11th Cir. 1997).

In Bowman v. Dairy Co. v. United States, 341 U.S. 214, 221 (1951), the Supreme Court

made clear that "any document or other materials, admissible as evidence, obtained by the

Government by solicitation or voluntarily from third persons is subject to subpoena." However,

the Court further declared that pretrial subpoenas are <u>not</u> intended to provide an alternate means

of pretrial discovery in criminal cases.  <u>Id</u>; <u>see</u> <u>United States v. Nixon</u>, 418 U.S. at 698.  In

<u>Nixon</u>, the Supreme Court approved the criteria set forth in <u>United States v. Iozia</u>, 13 F.R.D. 335,

338 (S.D.N.Y. 1952), for considering Rule 17(c) subpoenas.  Those criteria are:

> (1) That the material sought is evidentiary and relevant;
>
> (2) That it is not otherwise procurable by the defendant reasonably
>     in advance of trial by the exercise of due diligence;
>
> (3) That the defendant cannot properly prepare for trial without such
>     production and inspection in advance an the failure to produce
>     may tend unreasonably to delay the trial; and
>
> (4) That the application is made in good faith and is not intended as
>     a general fishing expedition.

<u>United States v. Nixon</u>, 418 U.S. at 698.  The Court in <u>Nixon</u> further refined those criteria by

requiring a minimal showing of (1) relevancy; (2) admissibility; and (3) specificity.  <u>United</u>

<u>States v. Nixon</u>, 418 U.S. at 700.   When, as here, the defendant's subpoena is sweeping and

broadly phrased in an endeavor to secure an entire array of material without designating with

reasonable particularity the documents sought, the defendant fails to comply with the rule.

Quite simply, the authority to issue subpoenas is not unlimited.  Both the Fourth

Amendment and Rule 17(c) impose constraints upon a subpoena duces tecum.  Fed. R. Crim. P.

17(c); <u>see</u> <u>Hale v. Henkel</u>, 201 U.S. 43, 70 (1916)(extending Fourth Amendment to subpoenas).

A subpoena duces tecum which is unreasonably broad in its demand and general in its terms

constitutes an unreasonable search and seizure in violation of federal and state constitutions.

Defendant SALUM'S subpoenas are overbroad in the extreme.   They are, to a subpoena, utterly

devoid of even a minimal showing of relevancy, admissibility and specificity, and with the

exception of demands for officers' personnel files, fail to articulate with any specificity the

documents sought. (Attachments to Doc. 29). Perhaps the best indication that the defendant's

subpoenas are an improper attempt to expand discovery and to engage in a "fishing expedition"

are the demands for discovery already produced, namely the Defendant and DeJohn personnel

files. (Attachment 1).

Moreover, some information is not subject to subpoena at all. According to Rule 17(h):

> No party may subpoena a statement of a witness or of a prospective
> witness under this rule. Rule 26.2 governs the production of the
> statement.

Fed. R. Crim. P. 17(h). According to Rule 26.2, a "statement" includes:

> (1) a written statement that the witness makes and signs, or otherwise
>     adopts or approves;
>
> (2) a substantially verbatim , contemporaneously recorded recital of
>     the witness's oral statement that is contained in any recording or
>     any transcription of a recording; or
>
> (3) a the witness's statement to a grand jury, however taken or recorded,
>     or a transcription of such a statement.

Fed. R. Crim. P. 26.2(f). The defendant's subpoenas compelling production of an entire

investigative or case file are likely to include statements, which the law simply does not permit

him to subpoena.

Defense subpoenas to the government face an additional hurdle. First, they must comply

with the Touhy regulations of the agency subpoenaed. United States ex rel. Touhy v. Ragan, 340

U.S. 462, 470 (1951); Boske v. Comingore, 177 U.S. 459, 470 (1900). These regulations have

been upheld as valid. Id. The Touhy regulations of the Department of Justice are found at 28

C.F.R. § 16.21 <u>et seq</u>, and govern the defendant's subpoenas to both FBI and DEA.  The

defendant has made no effort to comply with the regulations.

Second, there is a qualified law enforcement privilege which will defeat many defense

subpoenas directed to law enforcement agencies.  <u>See</u> <u>e.g.</u> <u>In re Department of Investigation</u>, 856

F.2d 481, 483 (2d Cir. 1988).  The law enforcement privilege, which has been recognized in the

absence of a statutory foundation, <u>see</u> <u>Friedman v. Bache Halsey Stuart Shields, Inc.</u>, 738 F.2d

1336 (D.C. Cir. 1984); <u>Black v. Sheraton Corporation of America</u>, 564 F.2d 531, 541-42 (D.C.

Cir. 1977), is largely incorporated into various state and federal freedom of information acts.

<u>See</u> <u>e.g.</u> 5 U.S.C. § 552(b)(7).  Because the defendant's subpoenas are so overbroad – essentially,

"Give me your case file" – this Court cannot properly determine whether the materials produced

by the agencies were part of the federal prosecution of the defendant.  If they were, they would

not be subject to subpoena under Fed. R. Crim. P. 17(c).  Any discovery compelled by this Court

would be limited to that allowed by Fed. R. Crim. P. 16 and the Jencks Act, 18 U.S.C. § 3500.

If, however, the agencies were considered to be third parties subject to subpoena under Fed. R.

Crim. P. 17(c), then this Court, respectfully, must enforce the rules articulated in <u>United States v.

Nixon</u>, 418 U.S. 683.

Finally, the rules do not permit the defendant to compel production of material to his

counsel's office.  (Attachments to Doc. 29).  Instead, a trial subpoena must "command the

witness to attend and testify at the time and place the subpoena specifies."  Fed. R. Crim. P.

17(a).  The trial of this matter is set for November 7, 2005.  No party, including the United

States, may use a Rule 17(c) subpoena to compel a witness to appear for a pre-trial interview

before that time – which is, in effect, what the defendant's subpoenas seek to do.  This practice

has been condemned as "highly improper." See e.g. United States v. LaFuente, 991 F.2d 1406,

1411 (8th Cir.), cert. denied, 516 U.S. 902 (1995); United States v. Keen, 509 F.2d 1273, 1274

(6th Cir. 1975).

### Requested Relief

WHEREFORE, the United States requests that the Court deny the defendant's motion to

compel.

RESPECTFULLY SUBMITTED this **20th** day of July, 2005.

> GREGORY R. MILLER
> United States Attorney
>
> **/s/Dixie A. Morrow**
> DIXIE A. MORROW
> Assistant United States Attorney
> Florida Bar No. 0354589
> Georgia Bar No. 525543
> Texas Bar No. 24034796
> Northern District of Florida
> 21 E. Garden Street, Suite 400
> Pensacola, Florida 32502
> (850) 444-4000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL SUBPOENA RESPONSES upon the defendant by electronic filing with and noticing by the Clerk of Court, and by mailing an additional courtesy copy of same to the defendant's counsel of record: Julian L. McPhillips, Jr., McPHILLIPS SHINBAUM LLP, Post Office Box 64, Montgomery, Alabama 36101.

THIS **20**th day of July, 2005.

**/s/Dixie A. Morrow**
DIXIE A. MORROW
Assistant United States Attorney
Florida Bar No. 0354589
Georgia Bar No. 525543
Texas Bar No. 24034796
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000