

U.S. Department of Justice

Gregory R. Miller
United States Attorney
Northern District of Florida

---

*111 North Adams Street, 4th Floor*
*Tallahassee, Florida 32301-1841*
*Telephone (850) 942-8430*
*Fax      (850) 942-8429*

*21 East Garden Street, Suite 400*
*Pensacola, Florida 32502-5603*
*Telephone (850) 444-4000*
*Fax      (850) 432-7763*

*104 North Main, 4th Floor*
*Gainesville, Florida 32601-3330*
*Telephone (352) 378-0996*
*Fax      (352) 371-1912*

Please reply to: Pensacola
June 2, 2005

Mr. Julian McPhillips
Attorney at Law
McPhillips, Shinbaum & Gill LLP
516 South Perry Street
Post Office Box 64
Montgomery, Alabama 36101

**BY HAND DELIVERY**

    Re:    **United States v. George David Salum III**
            **Crim No. 2:05cr137-F**

          *DISCOVERY TO DEFENSE I*

Dear Mr. McPhillips:

    In compliance with the Court's Standing Order on Criminal Discovery (Cr. Misc. #534), the United States provides the following information in discovery.

    1.    <u>Fed. R. Crim. P. 16 material</u>.

        a.    "Original" discoverable material is available for your inspection at the Federal Bureau of Investigation. Contact Special Agent (SA) D. Keith Baker at (334) 241-9812 for assistance. It includes those items from which copies have been produced to you, as well as the following:

            1) NCIC summary list;
            2) NCIC/ACJIS records run for the defendant on 07/03/2004;
            3) MPD NCIC training records;
            4) MPD policies and procedures;
            5) David DeJohn MPD personnel file;
            6) David DeJohn Prattville Police Department (PPD) file.

Letter to Mr. McPhillips: <u>U.S. v. Salum</u>, 2:05cr137-F- Discovery I
June 2, 2005
<u>Page Two of Four</u>

    b.    The defendant has no known criminal history. Fed. R. Crim. P. 16(a)(1)(B). The defendant's Montgomery Police Department personnel records are provided.

    c.    Copies of the following documents are enclosed:

1) Criminal history - Johnny G. White, Jr.;
2) *United States v. White* Judgment in a Criminal Case;
3) Proffer letter between United States Attorney's Office - Middle District of Alabama (USAO MDAL) and White;
4) Page from USAO MDAL website containing photo of David DeJohn and handwritten annotation;
5) Carmichaelcase.com website ("Picture Coming");
6) Carmichaelcase.com website containing DeJohn photos;
7) "Team Six Investigations Private Detectives" bill for investigation services dated 09/02/04;
8) Alabama SJIS Index Search Results for Salery Wallace, Pettis Sherry, Reginald Lamar Jones vs. David DeJohn & City of Montgomery;
9) *United States v. Carmichael and Williams* indictment;
10) *United States v. Carmichael and Williams* superseding indictment;
11) *United States v. Carmichael and Williams* second superseding indictment;
12) Defendant's MPD Personnel Records.

    d.    The Government is aware of no statement which the defendant made to known law enforcement agents, other than a statement made incident to an internal affairs investigation by the Montgomery Police Department. The Government has not been made privy to any such statement at this time. Fed. R. Crim. P. 16(a)(1)(A),(B).

    e.    There are no reports of physical or mental examinations or scientific tests or experiments. Fed. R. Crim. P. 16(a)(1)(F).

    f.    At this time, the Government intends to call witnesses who qualify as experts regarding the operation of NCIC/ACJIS. They include: Debbie Summerlin, ACJIS; Dennis Bodine, Investigator/Field Advisor, ACJIS. The general *vitae* of the witnesses will be provided if any of them are identified as trial witnesses, sufficiently in advance of trial to conform to the Rule and to the Court's Standing Order. Fed. R. Crim. P. 16(a)(1)(G).

Letter to Mr. McPhillips: U.S. v. Salum, 2:05cr137-F - Discovery I
June 2, 2005
Page Three of Four

    d.    Case-in-chief evidence arguably subject to a motion to suppress. The United States is not aware of any "case-in-chief" evidence arguably subject to a motion to suppress. Fed. R. Crim. P. 12(d).

2.    Notice of the Government's intention to use "other crimes, wrongs, or acts." The United States intends to introduce all *res gestae* evidence of the defendant's conduct. The United States is not aware of additional uncharged misconduct evidence beyond that *res gestae*. Fed. R. Evid. 404(b).

3.    Photographic or live line-up involving the defendant. No witness was shown a photographic line-up nor participated in a live line-up or similar procedure to identify the defendant.

4.    Government witnesses.

    a.    Criminal records. The criminal records of any prospective witness for the United States have been supplied. It is my practice to have the case agent re-run the records check closer in time to the testimony of the witnesses.

    b.    Benefits. No witness for the United States has entered into a plea agreement with the United States, has been offered immunity from the United States, has been offered payment by the United States, or has been extended a benefit to a third party. The "proffer" agreement in this case has been supplied.

    c.    Witness statements exculpating the defendant. None. No witness has made a statement which could arguably exculpate the defendant.

    d.    Inconsistent witness statements. None. No witnesses have rendered inconsistent statements about arguably material matters.

    e.    Witnesses under the influence of drugs. None. No witnesses were under the influence of drugs at the time of the events about which they are expected to testify.

    f.    Witnesses suffering mental illness. None. No witnesses suffer mental illness that arguably affects their ability to distinguish truth from falsehood.

Letter to Mr. McPhillips: <u>U.S. v. Salum</u>, 2:05cr137-F - Discovery I
June 2, 2005
<u>Page Four of Four</u>

    g. <u>Other information affecting witnesses' credibility</u>. While not amounting to convictions, some prospective witnesses were administratively disciplined by the Montgomery Police Department for their conduct, all of which acts were requested by the defendant.

5. <u>Government "non-witnesses."</u>  The United States is not required by the Federal Rules or Standing Order to disclose the names of persons interviewed and found to be unhelpful, unless the matters which those persons described are material to the defense or exculpatory. No such witnesses have been identified and rejected.

6. <i>Jencks Act</i> <u>material</u>. Seven (07) witnesses testified before the Federal Grand Jury. The transcripts of their testimony have been obtained. Should these witnesses be identified as trial witnesses, those transcripts and any other <i>Jencks Act</i> material will be timely provided to you, consistent with local practice and the Standing Order. Fed.R.Crim.P. 26.2; 18 U.S.C. 3500.

  I am aware of the Government's continuing discovery obligation, and will amend or supplement this response as necessary. *The Government hereby requests reciprocal discovery, within the meaning of Fed. R. Crim. P. 16 and the Court's Standing Order. This request specifically includes a demand for alibi and demand for reliance upon lack of mental responsibility. Fed. R. Crim. P. 12.1, 12.2.*

  Please call me at (850) 444-4000 ext. 4094 if you have questions or additional requests. In my absence, please speak with Legal Assistant Stephanie Croley at ext. 4069, who can locate me for you.

              Sincerely,

              GREGORY R. MILLER
              United States Attorney

              DIXIE A. MORROW
              Assistant United States Attorney

cc: **SA D. Keith Baker**
   **Federal Bureau of Investigation**

   **USAO No. 2004R00388**
   **"Discovery to Defense - I"**