IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM NO. **2:05cr137-F** |
| | ) | |
| **GEORGE DAVID SALUM III** | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

COMES NOW the United States of America, by and through its attorneys, Gregory R. Miller, United States Attorney for the Northern District of Florida, and the undersigned Assistant United States Attorney, and files this response to Defendant's Motion to Dismiss Indictment (Doc. 27, 28).

## Argument

**I.    Count 1of the Indictment Does Not Allege a Violation of 18 U.S.C. § 1503.**

Defendant first wrongly complains that he is charged with a violation of 18 U.S.C. § 1502, "Resistance to extradition agent," while "Nothing in the indictment refers to extradition or extradition agents."  (Doc. 28 at pp. 1-2).  Count One of the indictment charges the defendant "in violation of Title 18, United States Code, Sections 1503 and 2."  Title 18, United States Code, Section 2 is the federal "principals" statute.  Aiding and abetting is implied in all federal offenses.  A defendant can be convicted as an aider and abettor under an indictment charging him as a principal, and the indictment need not even allege the words "aid and abet."  United States v. Masson, 582 F.2d 961 (5th Cir. 1978); United States v. Gordon, 812 F.2d 965 (5th Cir. 1987); United States v. Broadwell, 870 F.2d 594 (11th Cir. 1989), cert. denied,   493 U.S. 840 (1989.  Moreover, the United States is not required to elect between charging a defendant as a principal and as an aider and abettor, nor to elect between the two subsections of the aiding and

abetting statute.  18 U.S.C. § 2; United States v. North, 910 F.2d 843 (D.C. Cir. 1990).

Here, the United States elected to include citation to Section 2 – a common and entirely proper method of federal indictment drafting.  The defendant's claim that "Count 1 does not state any offense under 18, United States Code, Section 1502 (.)" is correct:  it does not.  (Doc. 28 at p. 2, emphasis original).  Dismissal is not warranted.

## II.    Count 1 is Neither "Duplicitous" nor "Multifarious."

Defendant confuses "duplicity" with pleading in the conjunctive rather than the disjunctive.  "Duplicity" occurs when an indictment charges two or more separate and distinct crimes in a single count.  This indictment does not do so.  As noted above, the indictment does not allege a violation of 18 U.S.C. § 1502:  to do so would have been duplicitous.

It is entirely permissible to plead "and" when the language of the statute proscribes several means by which the defendant may have committed a violation of the law.  This is true even though the statute – 18 U.S.C. § 1503 –  may be read disjunctively.  In short, the indictment may, as it does, charge any or all of the proscribed acts conjunctively in a single count as constituting the same offense: "aided, abetted, counseled and induced by others known and unknown to the Grand Jury, did corruptly influence, obstruct and impede and endeavor to influence, obstruct and impede the due administration of justice."  Proof of only one of the means alleged is sufficient to sustain a conviction.  See United States v. Turner, 396 U.S. 398 (1970); United States v. Burton, 871 F.2d 1566 (11th Cir. 1989).  The jury must, of course, be unanimous as to which of alternative means has been proven.  United States v. Holmes, 44 F.3d 1150 (2d Cir. 1995).

The problem with alleging using the disjunctive "or," as the defendant's argument seems

2

to urge, is that it lacks specificity and certainty. It is insufficient for an indictment to allege in the disjunctive, because it fails to notify the defendant of which acts he is charged with committing. United States v. Bean, 564 F.2d 500 (5th Cir. 1977); United States v. Donovan, 339 F.2d 404 (7th Cir. 1965), cert. denied, 380 U.S. 975 (1965).

Count 1does not charge two or more separate crimes. Dismissal is not warranted.

**III.    Count 1 of the Indictment States an Offense in Violation of 18 U.S.C. § 1503.**

When analyzing challenges to the sufficiency of the indictment, this Court gives the indictment a common sense construction. The validity of the indictment is to be determined according to practical, not technical, considerations. United States v. Poirier, 321 F.3d 1024 (11th Cir. 2003). An indictment is simply a formal, written accusation which charges the defendant with a violation of a criminal statute, and which requires a response by plea in a court of law. Fed. R. Crim. P. 7 states that an indictment shall be a plain, concise and definite statement of the essential facts constituting the offense charged. Fed. R. Crim. P. 7(c). United States v. Gold, 743 F.2d 800 (11th Cir. 1984). The indictment must inform the defendant of the specific charge against him, sufficient to allow the defendant to plead double jeopardy. United States v. Chilcote, 724 F.2d 1498 (11th Cir. 1984); United States v. Briggs, 514 F.2d 794 (5th Cir. 1975). In order to confer jurisdiction in the United States District Court over the subject matter it describes, the indictment must charge a federal offense. Thor v. United States, 554 F.2d 759 (5th Cir. 1977). An indictment will not be dismissed for technical defects in form. The test is not whether the indictment could have been drawn more exactly or with greater clarity, but whether the indictment conforms to minimal constitutional requirements. Poirier, 321 F.3d 1024; United States v. Silverman, 745 F.2d 1386 (11th Cir. 1984); accord United States v. Shoup, 608 F.2d 950

(3rd Cir. 1959); United States v. Hart, 640 F.2d 856 (6th Cir. 1981); Allen v. United States, 867

F.2d 969 (6th Cir. 1989); United States v. Gordon, 780 F.2d 1165 (5th Cir. 1986).    By the

indictment, the defendant must receive notice of the charge he must be prepared to meet.  United

States v. Haas, 583 F.2d 216 (5th Cir. 1978).

      Importantly, this defendant's constitutional right to know the offense with which he is

charged must be distinguished from his desire to know the evidentiary details which establish the

facts of the offense charged.  The indictment need not convey those details, and the indictment is

not insufficient for failure to allege them. Gordon, 780 F.2d 1165; United States v. Mobile

Materials, Inc., 871 F.2d 902 (10th Cir. 1989).  It is sufficient for the indictment to simply track

the statutory language, provided that every element of the offense in included in such language.

Hamling v. United States, 418 U.S. 87 (1974); United States v. Davis, 592 F.2d 1325 (5th Cir.

1979), cert. denied, 442 U.S. 946 (1979); Russell v. United States, 369 U.S. 749 (1962); United

States v. Hart, 640 F.2d 856 (6th Cir. 1981).  To be a valid charging instrument, the indictment

must allege every essential element of the offense charged.  United States v. Fern, 155 F.3d 1318

(11th Cir. 1998); United States v. Stefan, 784 F.3d 1093 (11th Cir. 1986).  An indictment is

insufficient if it fails to charge all essential elements.  United States v. Italiano, 837 F.2d 1480

(11th Cir. 1988).  Of course, introductory or explanatory language in a "talking" indictment, such

as that which precedes "Charge" in the indictment at bar, is informational in nature – not a part

of the required elements.

      Where the indictment specifically refers to the statute on which the charge is based, the

reference to the statutory language adequately informs the defendant of the charge.  Fern, 155

F.3d 1318 (indictment's failure to allege false statement was "material" did not render

indictment defective because it set forth the relevant statutory section); Stefan, 784 F.2d 1093

(indictment which referenced 18 U.S.C. § 1001 but omitted "willfulness" requirement

sufficient).  Where the indictment tracks the language of the statute, it must be accompanied by

such a statement of facts and circumstances as will inform the defendant of the specific offense,

under the general description, with which he is charged.  United States v. Bobo, 344 F.3d 1076

(11th Cir. 2003).  An affirmative defense need not be negated in an indictment.  United States v.

Sisson, 399 U.S. 267 (1970).

     This Court may not evaluate the sufficiency of the evidence in the "summary judgment"

type of procedure which the defendant seems to suggest.  There is no provision at federal law for

this or any Court to make a pre-trial determination of the sufficiency of the evidence.  Instead,

the sufficiency of the instant indictment must be determined from its face.  United States v.

Critzer, 951 F.2d 306 (11th Cir. 1992).

     Count 1 of the indictment tracks the language of 18 U.S.C. § 1503.  Count 1 alleges every

element of a violation of that crime.  See Eleventh Circuit Pattern Jury Instructions - Criminal

(2003), Offense Instr. 56.1.  The instant indictment presents  a statement of facts and

circumstances – even broader than that required by law – that informs the defendant of the

offense with which he is charged with sufficient particularity that he can prepare to defend

against it and that he is protected against double jeopardy.  Dismissal is not warranted.

**IV.    Title 18, United States Code, Section 1503 is Neither Vague Nor Overbroad.**

     The former Fifth Circuit previously considered a challenge to § 1503 as

unconstitutionally vague.  In United States v. Howard, 569 F.3d 1331, 1336 n. 9 (5th Cir. 1978),

the Court stated that "our interpretation of the omnibus clause does not create a trap for the

unwary." The Court found the language of the statute "sufficiently clear and limited." Id. The Court concluded that "[i]f anyone unwittingly runs afoul of § 1503, it will not be on account of misconstruction, but because of an ignorance for which there is no excuse." Id.

As the Eleventh Circuit announced in Brenson, the defendant cannot challenge § 1503 as constitutionally vague on its face. 104 F.3d 1267. "A prohibition against corrupt acts does not proscribe constitutionally protected speech and is clearly limited to unprotected activity." Id., citing United States v. Thompson, 76 F.3d 442, 452 (2d Cir. 1996). Simply the fact that a term such as "corruptly" "covers a broad spectrum of conduct" does not make it unconstitutionally vague. United States v. Griffin, 589 F.2d 200, 206 (5th Cir.), cert. denied, 444 U.S. 825 (1979). "The obstruction of justice statute was drafted with an eye 'to the variety of corrupt methods by which the proper administration of justice may be impeded or thwarted, a variety limited only by the imagination of the criminally inclined.'" Griffin, 589 F.2d at 206.

In the omnibus clause of 18 U.S.C. § 1503, "corruptly" describes the specific intent element of the crime. It varies in meaning with the context of the prosecution. An obstruction charge under this clause must relate to a specific judicial or grand jury proceeding, here the *Carmichael* indictment and pending federal trial. United States v. Aguilar, 515 U.S. 593 (1995); United States v. Vaghela, 169 F.3d 729 (11th Cir. 1999); see also United States v. Brenson, 104 F.3d 1267 (11th Cir. 1997). Obstructive conduct is not, as the defendant suggests, limited to coercion or intimidation. It extends to all conduct that is intended to obstruct the due administration of justice. See United States v. Walasek, 537 F.2d 676, 679 n.9 (3d Cir. 1975). Moreover, success is not a necessary element of the crime. United States v. Barfield, 999 F.2d 1520 (11th Cir. 1993). In fact, the action taken by a defendant need not directly and immediately

6

obstruct justice to be prohibited by § 1503: his conduct must be such that the defendant should have foreseen the natural and probable consequence of the success of his scheme would achieve would be the interference with the due administration of justice. Id.; Brenson, 104 F.3d 1267. See also, United States v. Silverman, 745 F.2d 1386 (11th Cir. 1984).

The defendant's arguments are just that:   arguments which he may make to the trial jury through counsel.  They do not support a finding that the statute is vague nor that it is overbroad, in its terms or in its application.  Dismissal is not warranted.

**V.      Count 2 of the Indictment Informs the Defendant of the Specific Charge Against Him, Sufficient to Respond and to Plead Double Jeopardy.**

The discussion of law at section III is equally applicable to the defendant's challenge to the sufficiency of Count 2 of the indictment, and is reasserted to the Court with respect Count 2.

Factually, the defendant incorrectly claims that the charge fails to allege any proscribed access to the National Crime Information Center (NCIC), and that, by its allegation, is limited to the defendant's access to the Alabama Criminal Justice Information System (ACJIS).  (Doc. 28 at p. 11).  This in incorrect from the very face of the indictment, which alleges that the defendant "aided, abetted, counseled and induced by others known and unknown to the Grand Jury, did intentionally access the NCIC computer database without authorization and in excess of authorization."  (Emphasis added).

Count 2 tracks the language of 18 U.S.C. § 1030.  Count 2 alleges every element of a violation of the charged  crime.  18 U.S.C. § 1030(a), (b).  Moreover, it is not duplicitous to charge conjunctively in the same count that a defendant committed the offense and attempted to commit the offense, where the statute, as here, provides that the crime can be committed by attempt.  Id.  See e.g. United States v. Jackson, 696 F.2d 578 (8th Cir. 1982), cert. denied sub

nom, Dancy v. United States, 460 U.S. 1073 (1983).

In the seminal decision Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court stated in constitutional terms that any fact that increases the sentence above the prescribed statutory maximum is a fact that must be submitted to the jury and established beyond a reasonable doubt. The only exception to that rule is proof of a prior conviction. As this Court is aware, federal indictments post-Apprendi regularly aver "sentencing enhancement" factors, whether or not they exceed the statutory maximum.

Here, the statute provides a felony penalty for both conduct committed for the purpose of private financial gain and committed in furtherance of any criminal or tortious act in violation of State or Federal law, and otherwise. 18 U.S.C. § 1030(c)(2)(B)(i) and (ii). As previously detailed, charging in the conjunction permits the jurors to find: (1) that the defendant acted for private financial again; (2) that he acted in furtherance of any criminal or tortious act in violation of State or Federal law – namely, illegal access to and distribution of NCIC information; or (3) that he acted as charged, but not for either of those purposes. In the latter instance, the defendant's crime would constitute a misdemeanor. The jurors will decide whether the defendant acted for a purpose which enhances the punishment to which he is exposed.

The instant indictment presents a statement of facts and circumstances – even broader than required by law – that informs the defendant of the offense with which he is charged with sufficient particularity that he can prepare to defend against it and such that he is protected against double jeopardy. Dismissal is not warranted.


**Requested Relief**

8

WHEREFORE, the United States requests that the Court deny the defendant's motion to dismiss.

RESPECTFULLY SUBMITTED this **21ˢᵗ** day of July, 2005.

GREGORY R. MILLER
United States Attorney

**/s/Dixie A. Morrow**
DIXIE A. MORROW
Assistant United States Attorney
Florida Bar No. 0354589
Georgia Bar No. 525543
Texas Bar No. 24034796
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT upon the defendant by electronic filing with and noticing by the Clerk of Court, and by mailing an additional courtesy copy of same to the defendant's counsel of record: Julian L. McPhillips, Jr., McPHILLIPS SHINBAUM LLP, Post Office Box 64, Montgomery, Alabama 36101.

THIS **21ˢᵗ** day of July, 2005.

**/s/Dixie A. Morrow**
DIXIE A. MORROW
Assistant United States Attorney
Florida Bar No. 0354589
Georgia Bar No. 525543
Texas Bar No. 24034796
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000