IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:05-CR-137-F |
| | ) | |
| GEORGE DAVID SALUM III | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

After due consideration of oral and written submissions, the Magistrate Judge recommends,

as herein explained, that the court deny the *Motion to Dismiss of Defendant* (Doc. 27, July 11,

2005)[1] which seeks dismissal of the two-count Indictment filed May 25, 2005 on 15 enumerated

grounds.  As now discussed, the Defendant, George David Salum III ("Defendant"), presents no

meritorious basis for dismissing either Count 1 – which states a violation of 18 U.S.C. §§ 1503 and

2 – or Count 2, which alleges a violation of 18 U.S.C. §§ 1030(a)(2)(B), 1030(c)(2)(B)(i) and (ii),

and 2.

## I.  DISCUSSION

### A.    COUNT ONE

Count One charges:

That from in or about June 2004 through in or about October 2004, the defendant,
George David Salum III, aided, abetted, counseled and induced by others known and
unknown to the Grand Jury, did corruptly influence, obstruct and impede and
endeavor to influence, obstruct and impede the due administration of justice in
*United States v. Leon Carmichael and Freddie Williams*, Crim. No. 2:03-cr-259-T,
in the United States District Court for the Middle District of Alabama, by providing
the MPD personnel file and photograph of government witness David De John and

---

[1]    Defendant filed with his motion and supporting memorandum (Doc.28) and the
*Government's Response* filed July 22, 2005 (Doc.34) also specified the supporting law for
arguments in opposition.

NCIC/ACJIS database criminal histories and backgrounds of prospective government witnesses to Johnny G. White, Jr., whom the defendant knew to be employed on behalf of federal criminal defendant Carmichael, knowing that White intended to provide the personnel file, photograph, and NCIC/ACJIS material to Carmichael and/or his counsel for use in attempting to impeach or to discredit DeJohn and to intimidate DeJohn and other prospective government witnesses; all in violation of Title 18, United States Code Sections 1503 and 2.

Defendant enumerates six grounds for dismissing Count 1, and consistent with the representations of counsel during oral arguments, they can be summarized analytically as (1) failure to allege an offense; (2) duplicitous; and (3) unconstitutional vagueness and overbreadth resulting in a lack of subject matter jurisdiction.

### 1. failure to allege an offense

Defendant alleges generally that this count "fails to allege an offense under the Constitution and the laws of the United States"and specifically that it

> fails to allege a criminal offense, because it alleges lawful acts and intimidating a witness on the basis of facts, which are not reasonably calculated to intimidate, and the indictment does not allege how such facts constituted intimidation.[2]

Much of this argument rests on the erroneous assumption that the referenced "Title 18, United States Code Sections 1503 and 2" indicated an intent to charge a violation of 18 U.S.C. §1502 rather than 18 U.S.C. § 2.[3]

The contention that Count 1 does not charge a criminal offense under 18 U.S.C. §1503 merits no extended discussion; this count specifies every essential element of this statutory offense[4]

---

[2]    *Mot. to Dismiss*, ¶¶ 1 and 5.

[3]    **See** *Def's. Mem.* at 1-2, 5; *Gov't Resp.* at 1-2.

[4]    In pertinent part, 18 U.S.C. § 1503(a)  provides:
Whoever. . . .  corruptly or by threats or force, or by any threatening letter or
(continued...)

and otherwise complies with the requirements of Rule 7(c), Federal Rules of Criminal Procedure.[5]

Though not required, this indictment also includes 13 introductory paragraphs of factual background which provides supplemental notice to the Defendant of the United States' theory for how he committed the alleged offenses.[6]  The gist of Defendant's argument is that he committed no act which fits within the statutory prohibition on "corruptly" influencing, obstructing, or impeding justice" or intimidating any witness. That claim of innocence is not a sufficient ground for dismissal of an otherwise proper charging instrument.

### (2) duplicitous

Defendant contends:

> ...under Count 1, the Defendant can be convicted of obstruction of justice on proof that he provided information, which could be used in cross-examining prosecution witnesses, even if there is not a scintilla of evidence that he undertook to intimidate any witness.  In charging both lawful and presumably unlawful conduct in the same count, Count I is duplicitous and multifarious, and for that reason should be dismissed.[7]

Defendant provides no case law or other authority as support for his interpretation of a duplicitous

---

[4]      (...continued)
communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede the due administration of justice, shall be punished as provided in subsection (b).

[5]      Rule 7(a) requires that the indictment, *inter alia*, "be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government.  It need not contain a formal introduction or conclusion."

[6]      *See, e.g.*, ¶ 11 ("At no time relevant to this Indictment was White authorized to access NCIC [National Crime Information Center] or ACJIS [Alabama Criminal Justice Information System] databases;  ¶ 12 ("At no time relevant to this Indictment was SALUM or any MPD officer authorized to provide MPD officer personnel files, MPD officer photographs, or NCIC/ACJIS information obtained from MPD terminals to private investigators on request or demand, in exchange for payment of United States currency or otherwise.")

[7]      *Mot. to Dismiss* at 3.

indictment.  Because Count 1 does not charge two or more distinct crimes, it is not due to be

dismissed as duplicitous and multifarious.[8]

### (3)  vagueness and overbreadth;  lack of subject matter jurisdiction

When pressed for an explanation of the claim that "this court has no jurisdiction over the

subject matter of the indictment", defense counsel argued that such jurisdiction fails upon a showing

that  18 U.S.C. § 1503, "as applied to the facts of the indictment, is  vague and overbroad, in violation of

the Fourteenth Amendment and First Amendment of the United States Constitution."[9]   This constitutional

claim is stated as follows:

> ...Count I of the indictment is both vague and overbroad.  It charges Defendant,
> Salum, with corruptly influencing, obstructing and impeding the due administration
> of justice in *United States v. Leon Carmichael and Freddie Williams*, by providing
> MPD personnel file and photograph of a government witness, David DeJohn, and
> NCIC/ACJIS database criminal histories and backgrounds of prospective
> government witnesses to Johnny G. White, Jr., whom the defendant knew to be
> employed by Defendant, Carmichael, knowing tht White intended to provide the
> personnel file, photograph, and NCIC/ACJIS material to Carmichael and/or his
> counsel for use in **attempting to impeach or discredit DeJohn and to intimidate
> DeJohn and other prospective government witnesses** (Emphasis added in text)
> Of course, Defendant, Salum, denies knowing that Johnny White was employed on
> behalf of Federal criminal Carmichael, but, for purposes of this challenge to the
> indictment, let us assume *arguendo* that Salum did know that Johnny White was so
> employed.  The purpose of this overbreadth challenge is that even if Salum
> knowingly provided personnel file material and photograph to Carmichael's Counsel
> for attempting to impeach or discredit to DeJohn, such should not be "an obstruction
> of the due administration of justice." (*emphasis included in text)*. . .  How can
> "attempting to impeach or discredit DeJohn" be an obstruction of justice when that
> is simply what good defense lawyers are suppose to do, in properly defending their

---

[8]     In criminal procedure, [duplicity] takes the form of joining two or more offenses in the same
count of an indictment.  Black's Law Dictionary 541 (8th ed. 2004).  Multifariousness applies
generally to civil pleadings which improperly join distinct matters or causes of action.  *See
id.* at 1041.

[9]     *See Mot.* at ¶ 2, *Mem*. at 5.

clients?  [10]

In response to defendants' unsuccessful contention that 18 U.S.C. §1503 does not cover the

sale of grand jury testimony "with the clarity demanded by the due process clause", the court in

*United States v. Howard*, 569 F.3d 1331, 1333 -1334(5th Cir.1978) interpreted the statute as follows:

> Section 1503 can be divided into two parts: its specific language, which forbids the influencing, intimidation, or impeding of any witness, juror, or court official, and its concluding omnibus clause, which punishes the influencing, obstruction, or impeding of the due administration of justice.  Invoking ejusdem generis, defendants argue that the statute's specific language limits the omnibus clause so that "obstructing the due administration of justice" means influencing witnesses, jurors, and officials in ways other than, and similar to, those expressly enumerated in the first part of the section. . . . We cannot agree with this reading of the statute because it renders the omnibus clause superfluous, (citation omitted), and because the most natural construction of the clause is that *it prohibits acts that are similar in result, rather than manner, to the conduct described in the first part of the statute.*  (footnote omitted) . . . *[T]he statute is concerned not only with protecting witnesses, jurors, and court officials but also with preventing "miscarriages of justice."* (citations omitted)[11]

Of additional note is the court's emphasis that it statutory interpretation, directed to the  omnibus

clause in 18 U.S.C. §1503, "does not create a trap for the unwary":

> The statute covers only conduct that is related to a pending judicial proceeding (citation omitted) and then only if the offending action was prompted, at least in part, by a "corrupt" motive, (citation omitted).  Although Howard and Ritter criticize "obstruction of justice" as a vague term, the statute actually proscribes "obstruct[ing] . . . the due administration of justice," which means interfering with the procedure

---

[10]     *Mem.* at 7-8.

[11]     (emphasis added).  The court cited "ample authority" in the form of case law and legislative history for its view "that the specific wording of Section 1503 was intended to forbid certain means of obstructing justice, while the omnibus clause aims at obstruction of justice itself, regardless f the means used to reach that result."  *Id.* at 1334-1336.   As the Eleventh Circuit Court of Appeals observed in embracing *Howard* in *United States v. Brenson*, 104 F.3d 1267, 1276 n.3: "In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*),[ the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981."

> of a judicial hearing or trial.    We think the statutory language is sufficiently clear
> and limited.  If anyone unwittingly runs afoul of § 1503, it will not be on account of
> a misconstruction but because of an ignorance for which there is no excuse.

*Howard*, 569 F.2d at 1337.

In *Brenson, supra* n. 11, the Eleventh Circuit Court of Appeals similarly rejected an assertion that

the term "corrupt" in § 1503 is unconstitutionally vague as applied to the indictment of a grand juror.

Emphasizing  the absence of  first amendment considerations for a facially vague challenge,  the court

explained: "A prohibition against corrupt acts does not proscribe constitutionally protected speech and is

clearly limited to unprotected activity." 104 F.3d at 1280.[12]   While confirming its consistently broad

interpretation of the omnibus clause in § 1503 "to prevent a miscarriage of justice"[13], the court reaffirmed the

determinative principle which does not render the statute impermissibly vague:

> The mere fact that a term "covers a broad spectrum of conduct" does not render it
> unconstitutionally vague.  *United States v. Griffin*, 589 F.2d 200, 206 (5th Cir.), *cert. denied*,
> 444 U.S. 825, 100 S.Ct. 48, 62 L.Ed. 2d 32 (1979). "The obstruction of justice statute was
> drafted with an eye to "the variety of corrupt methods by which the proper administration
> of justice may be impeded or thwarted, a variety limited only by the imagination of the
> criminally inclined.'" *Griffin*, 489 F.2d at 200-207. (citations omitted)

*Brenson, Id.* at  1281.

In this case the United States has alleged in Count 1 and its factual preface that Salum made

unauthorized disclosures of records in a manner which resulted in an obstruction of justice in

another criminal case; the charging language is not, as Salum contends, violative of the Fourteenth

Amendment's due process clause because it is  "so vague and indefinite that no one can readily

---

[12]    Appellant in *Brenson,* a grand juror, challenged his § 1503 indictment for providing
information concerning the grand jury proceedings to an individual under investigation;
"argu[ing] that the omnibus clause of  § 1503 was not intended to apply to his actions in
disclosing grand jury information", Brenson contended principally that "he in no way
impeded, obstructed or influenced the grand jury investigation of [the individual, Fernandez]
or the indictment of Fernandez." *Id.* at 1275.

[13]    *Citing United States v. Silverman*, 745 F.2d 1386, 1393 (11th Cir. 1984); *See United States
v. Brand*, 775 F.2d 1460, 1465 (11th Cir. 1985)

discern what is being prohibited."[14] Accordingly, to the extent that Salum premises his jurisdictional

challenge solely on this contention,  no viable challenge is presented.. [15]


### B.     COUNT TWO

Count Two provides:

That on or about July 3, 2004, in the Middle District of Alabama, the defendant, George David Salum III, aided, abetted, counseled and induced by others known and unknown to the Grand Jury, did intentionally access the NCIC computer database without authorization and in excess of authorization, and did thereby obtain information from a department and agency of the United States, for the purpose of financial gain and in furtherance of criminal and tortious acts in violation of the U.S. Constitution and laws of the United States and the State of Alabama; all in violation of Title 18, United States Code, Sections 1030(a)(2)(B), 1030(c)(2)(B)(i)and (ii),and 2.


Salum's  challenges to this count (¶¶ 7-15) warrant little discussion.  Because Count Two

---

[14]     *Mem*. at 8.

[15]     Salum also attempts to raise an overbreadth challenge to the indictment:
*It would appear that such an overly broad proscription of civil liberties would violate not only a First Amendment right of free speech and right of access to courts. . . .  Surely the statute cannot prohibit the impeachment or discrediting of a witness.  If it did so, it might as well prohibit the practice of criminal defense law. ... [U]pholding Count I of the indictment would be to uphold, at least in its application to the facts of this case, an overly broad proscription of criminal defense law practice.  It becomes a crime to impeach or discredit a government witness.  That cannot be good constitutional law.  A federal judge in court is available, subject to prosecution objections, to prevent defense excesses.  It is not necessary for the federal government to indict people who provide information to defense lawyers to help them, do their jobs.*

*Mem*. at 9.  To the extent that these allegations can be deemed sufficient to state a First Amendment claim – rather than arguments for the jury's consideration – they provide an inadequate basis for any meaningful analysis in support of a dismissal motion at this juncture.

tracks the language of the referenced provisions of 18 U.S.C. §1030,[16] it is baseless to argue that it fails to state an offense under federal law either generally or for insufficiently alleged facts (¶¶ 7, 8, 10, 11, 13, 15). This Count is detailed sufficiently and concisely with the essential facts alleged to constitute the offense and, accordingly, it is not "vague and indefinite" for the reasons cited (¶¶ 9, 12, 14). Salum's contentions present arguments in his defense which are properly directed to the jury.[17]

## II.  CONCLUSION

For the reasons stated, it is the **RECOMMENDATION OF THE MAGISTRATE JUDGE that Defendant's Motion to Dismiss be DENIED.**

It is further ORDERED that the parties ***file any objections*** to this *Recommendation **by August 15, 2005***. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive, or general objections will not be

---

[16]  18 U.S.C. §1030(a)(2)(B) provides: "[w]hoever intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any department or agency of the United States." 18 U.S.C. §1030(c)(2)(B)(i) and (iii) declares: "The punishment for an offense under subsection (a) or (b) of this section is a fine under this title or imprisonment for not more than 5 years, or both, in the case of an offense under subsection(a)(2), or an attempt to commit an offense punishable under this subparagraph, if – (i) the offense was committed for purposes of commercial advantage or private financial gain; (ii) the offense was committed in furtherance of any criminal or tortious act in violation of the constitution or laws of the United States or of any state."

[17]  For example, Salum takes issue with the factual predicates of Count Two, arguing that (a) as a Lieutenant in the MPD, he had authorization to access the computer data bases in question  and (b) that the allegations are only conclusory with respect to any financial gain obtained. (Mem. at 10-11). Notably, during oral arguments, the United States emphasized that discovery information supplied just prior to Salum's arraignment  – but not reviewed by defense counsel – provided pertinent details to substantiate the charges in Count Two.

considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (11th Cir. Unit B. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 2nd day of August, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE