IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF | } <br> } <br> } | |
| V. | } <br> } | CASE NUMBER 2:05CR137-F |
| GEORGE DAVID SALUM III,<br>DEFENDANT | } <br> } | REQUEST FOR ORAL ARGUMENT |

**<u>MOTION TO REVEAL ANY PLEA NEGOTIATIONS AND/OR PRIVATE OR PUBLIC AGREEMENTS BETWEEN THE UNITED STATES AND ANY OF ITS WITNESSES (MOTION TO REVEAL THE DEAL) AND BRIEF IN SUPPORT</u>**

COMES NOW the Defendant, George David Salum, III, by and through his undersigned counsel and moves this Honorable Court for an Order compelling the Government to disclose the existence and substance of any agreements between any other person in this case and any officer or agent of the Federal or State Government. As grounds therefore the undersigned request includes, but is not limited to, the following:

1. The defendants are entitled to show the bias of any witnesses under the Federal Rules of Evidence. (F.R.E. 607)

2. Therefore any writings, records and photographs are relevant which relate in any way to offers, inducements or consideration made to any persons in an effort, whether successful or not, to obtain testimony in this case.

3. All writings and recordings and photographs are relevant which relate to offered "bargains," whether consummated or not, with person connected directly or indirectly with this case.

4. All writings, recordings and photographs are relevant which relate to an offer of immunity or other special consideration made to persons directly or

indirectly connected with this case.

5. Without limiting the generality of the foregoing, defendant specifically requests that the Government disclose any bargains reached with any witness or prospective witness in this case, including but not limited to:

   a. The substance of any "deal" or understanding reached between agents or officers of the Federal or State Government and potential witnesses in this case.

   b. The date that the bargains were reached;

   c. The date on which the negotiation of such "deals were undertaken;"

   d. The proffer, if any, made by the witness as to information he could provide the Government, including the date that the proffer was made;

   e. Any debriefing notes and summaries obtained by the Government as a result of such negotiations; and

   f. The results of any polygraph examination given to witnesses, pursuant to such agreements.

6. Defendant further requests all of the same information as requested in the above paragraph regarding any deal discussed with, or offered, to any individual by the Government, but for whatever reason not consummated.

7. Defendant further requests the same information as requested in paragraph 4 above with regard to any bargain reached between the Government any person connected with this case but for some reason ultimately voided prior to this date.

8.  The defendant and undersigned have reason to believe that the United States has made an offer agreement or given some other incentive to the witness, Johnny White, to testify against the Defendant, George David Salem, III. Based on that, it is the defendant's belief and his counsel's belief there may be similar agreements with other witnesses.

## BRIEF IN SUPPORT

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court of the United States interpreted the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States as establishing that the defendant in a criminal case has a right to obtain evidence favorable to the accused. The United States Supreme Court has further held that the Government may not suppress favorable evidence that is material to the credibility of one of its witnesses. *Giglio v. United States*, 405 U.S. 150 (1972). This circuit has held that "the prosecutorial suppression of an agreement with or promise to be a material witness in exchange for that witness' testimony violates a criminal defendant's due process rights." *Smith v. Kemp*, 715 F.2d 1459, (11th Cir.1983); also, *Drake v. Francis*, 727 F.2d 990, 995 (11th Cir. 1984); *Moore v. Zant*, 722 F.2d 640, 649 (11th Cir. 1983); *Ross v. Hopper*, 716 F.2d 1528, 1535 (11th Cir. 1983). The law is well settled to the *Giglio* context:

> **"[C]ross-examination of a witness in matters pertinent to his credibility ought to be given the largest possible scope."**

*United States v. Partin*, 493 F.2d 750, 763 (5th Cir. 1974), quoting *McConnell v. United States*, 393 F.2d 404, 406 (5th Cir. 1968). This is especially true where a prosecution witness has had prior dealings with the prosecution or with other law

enforcement officials, so that the possibility exists that his testimony was motivated by a desire to please the prosecution in exchange for the prosecutor's actions in having some or all of the charges against this witness dropped.  ***United States v. Myer***, 556 F.2d 245, 248-249 (5th Cir. 1977).

Thus, in addition to the basic questions regarding the bargain, the defendant seeks to have the Government disclosure discussions with the Government witnesses concerning deals, where or not all of the potential benefits to those witnesses were ultimately agreed upon and reduced into a bargain.  It is also requested that the Government reveal any prior deal that a witness has had with a Government agency, whether local, state or federal, in any other case.  These matters are particularly relevant to the witness' bias as it reflects his willingness, desire and experience in cooperating with the Government.

The right of the defendant to cross-examine with regard to the witness' credibility was broadly enforced in ***United States v. Onori***, 535 F.2d 938 (5th Cir. 1976). Correspondingly, the obligation of the Government to disclose any previous deal, any present deal or any prospective deal, whether reduced to the traditional plea agreement or not, should also be broadly viewed:

> **Indeed, it is so important that the defendant is allowed to "search" for a deal between the Government and the witness, even if there is no hard evidence that such a deal exists ... what tell, of course, is not the actual existence of a deal but the witness' belief or disbelief that deal exists.**

***United States v. Onori***, 535 F.2d at 945.

Upon information and belief, defendant states that plea arrangements and "bargains" have been already reached between various co-defendants in this case and agents and officers of the Government.  Due to the expansive nature of the factual allegations

contained in the Indictment and the number of persons involved in this case, it is vitally important that this defendant's due process rights be protected through a complete disclosure of all deals, understandings and arrangements between the Government and persons connected with this case.

WHEREFORE the premises considered the undersigned moves this Honorable Court to require the United States to reveal any plea negotiations and/or private or public agreements between the united states and any of its witnesses and the prosecution of George David Salem, III. **Further, defendant requests oral argument on this motion.**

Respectfully submitted this the 29th day of September, 2005.

GEORGE DAVID SALUM, III, Defendant


BY:   Electronically signed by
      JULIAN L. MCPHILLIPS, JR.
      Attorney for Defendant
      Alabama Bar No. MCP004
      P.O. Box 64
      Montgomery, AL 36101
      334-262-1911

OF COUNSEL:
MCPHILLIPS SHINBAUM LLP
516 S. PERRY STREET
MONTGOMERY, AL 36104
(334) 262-1911

## **CERTIFICATE OF SERVICE**

      I hereby certify I have served a copy of the foregoing by placing a copy of same in the United States Postal Service, postage prepaid and properly addressed, and by electronic filing with the Clerk of the Court, to the following address on this the 29th day of September, 2005.

      Dixie Morrow
      Assistant United States Attorney
      Northern District of Florida
      21 E. Garden Street, Suite 400
      Pensacola, FL 32502

      Electronically signed by
      JULIAN L. MCPHILLIPS, JR.