IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM NO. **2:05cr137-F** |
| | ) | |
| **GEORGE DAVID SALUM III** | ) | |

**GOVERNMENT'S MOTION *IN LIMINE*__**

COMES NOW the United States of America, by and through its attorneys, Gregory R. Miller, United States Attorney for the Northern District of Florida, and the undersigned Assistant United States Attorney, and files this motion *in limine* to exclude from evidence and argument certain matters discovered to the United States as defense evidence.

**Statement of Facts**

1.

On June 2, 2005, the United States delivered discovery to the defendant's counsel of record. (Doc. 32-2). At the same time, and consistent with Fed. R. Crim. P. 16, the United States made a demand for reciprocal discovery, and for those notices required by the Rules. *Id.* at p. 4.

2.

On August 24, 2005, the United States received the first response to the demand for discovery. By letter that date, Counsel for Defendant stated the following:

> As far as reciprocal discovery, I do have a deposition of R.D. DeJohn taken when he was a defendant in a case I had in 1999 involving Reggie Jones.[1]  I am trying to retrieve my old files from that case and one

---

[1] The deposition is Item D.

> involving Gary Frank Kelley some years earlier.[2] It may be something in those files we could use in evidence, but I haven't made that determination yet.

Counsel for Defendant further stated:

> Dixie, I think DeJohn is really taking advantage of the federal government in all this. He filed a lawsuit against all the defendants while the federal criminal trial of Carmichael was going on. It is reported to me that, when Roiann Conner's *(sic)* asked Steve Feaga, about the timing of the lawsuit, Steve answered, "I rather you not do it now" or words to that effect. Hence, the lawsuit was withdrawn, but refiled later. See copies of both lawsuits attached (Discovery production for you). Anyway, this whole lawsuit thing, including Feaga's response, gives the impression of collusion by the federal government (especially with the indictment of Salum) and manipulation by DeJohn to help him get money out of something that caused him no real damage. See also copy of the response of one set of defendants represented by Joe Van Heest and my counterclaim, a further production by me.

3.

By Order dated August 8, 2005, United States District Judge Myron H. Thompson detailed the history of the filing and withdrawal of Officer DeJohn's civil lawsuit when memorializing his denial of Counsel for Defendant Carmichael's motions for mistrial and change of venue based upon the filing of that civil suit. (*United States v. Leon Carmichael, Sr.,* Crim. Action No. 2:03cr259-T, Doc. 491). The Order makes clear that Judge Thompson himself had concluded that "the appropriate forum, if any, for DeJohn to seek redress against Carmichael was state court, rather than Carmichael's federal criminal case." *Id.* at p. 5. Absolutely no evidence supported or now supports Counsel for Defendant's claim of "collusion by the federal government (especially with the indictment of Salum)."

---

[2]The deposition is Item G.

2

4.

On September 26, 2005, the United States received a letter from Counsel for Defendant dated September 22, 2005, enclosing "the following documents related to the above matter. " The transmittal letter includes the following statement: "My listing the above does not mean for certain that it will be used, but there is a possibility it may be used in some way." Following are the enumerated documents, recited *verbatim* from the transmittal letter:

- A. The copy of the Complaint of Raymond David DeJohn and Tammy DeJohn vs. Richard Moncus, CV 94-1596-PR.
- B. Letter to Richard Moncus from Robert Russell dated July 20, 1994.
- C. Letter to Robert Russell from Richard Moncus dated July 22, 1994.
- D. Transcript copy of the deposition of Raymond DeJohn dated September 22, 1999.
- E. The copy of the Complaint of Reginald Jones vs. Raymond DeJohn, CV1209-M.
- F. The copy of the First Amendment to Complaint of Reginald Jones vs. Raymond DeJohn, CV1209-M.
- G. Transcript copy of the deposition of Raymond DeJohn dated September 22, 1999.
- H. The copy of the Certification of Understanding dated May 21, 2003, and executed by Jay King, from the Division File.
- I. The copy of the Memorandum to Sgt. Shirley from Raymond DeJohn dated January 11, 1999 regarding the incident in Trenholm Court.
- J. The copy of the Final Summary of Corp. Anthony Burton dated April 29, 1994 regarding the incident involving Gary Frank Kelly.
- K. Copies of newspaper articles from the Montgomery Advertiser dated January 12, 1999, April 8, 1999, and July 21, 1999.
- L. The copy of the first page of the Supplemental Claim Form B filed by Reginald Jones on March 22, 1999 against the City of Montgomery, et al.
- N. A copy of the Law Enforcement Coordinating Committee Volume 2, Issue 1 edition.
- O. A copy of the Privacy Policy from the Department of Justice's Website at www.usdoj.gov.[3]

In addition, the letter transmitted a copy of Counsel for Defendant's book, The People's Lawyer, in discovery.

---

[3]This recitation does not inadvertently omit "M": no Item "M" was produced in discovery.

5.

No other discovery has been furnished to the United States by Counsel for Defendant.

**Argument**

As this Court is well aware, "relevant" evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *United States v. Elliott*, 62 F.3d 1304 (11th Cir. 1995); *see also United States v. Bowe*, 221 F.3d 1183, 1194 (11th Cir. 2000)(affirming the exclusion of evidence proffered by the defendant that "did little to explain" the allegations against the defendant); *United States v. Moore*, 917 F.2d 215, 226 (6th Cir. 1990), *cert. denied*, 499 U.S. 963 (1991)(affirming the exclusion of evidence proffered by a defendant charged with armed robbery regarding alleged unlawful activities of a county sheriff which were not directly related to the armed robbery). There are two conjunctive requirements in the relevance rule: (1) the evidence must tend to prove the matter sought to be proved, and (2) the matter sought to be proved must be one that is of consequence to the determination of the action. *United States v. Hill*, 653 F.2d 1002, 1005 (5th Cir. 1981). Evidence which is not relevant is simply not admissible. Fed. R. Evid. 402.

Moreover, of course, according to Rule 403, even relevant evidence may be inadmissible "if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

> A cost/benefit analysis must often be employed. Relevant evidence may be excluded if its probative value is not worth the problems its admission may cause. The issue is whether the search for truth will be

> helped or hindered by the interjection of distracting, confusing or emotionally charged evidence.

Weinstein's Federal Evidence, section 402.02[1][a](2d ed. 2000), *accord* Fed. R. Evid. 403; *United States v. Malpeso*, 115 F.3d 155, 162-63 (2nd Cir. 1997), *cert. denied*, 524 U.S. 951 (1998).  The term "unfair prejudice" means an undue tendency to suggest a decision on an improper basis, such as an emotional one.  "Rule 403 'probative value' of an item of evidence, as distinct from Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184 (1997).

For example, in *Malpeso*, the defendants were charged with committing acts of violence to promote their organized crime faction.  The district court prohibited the defendants from introducing evidence of an improper relationship between the FBI supervisor of the investigation. DeVecchio, and an FBI informant, Scarpa.  *Malpeso*, 115 F.3d at 162.  The government had moved *in limine* to exclude such evidence and "argued that the defendants' true aim in seeking to introduce this evidence was to divert the jury's attention from defendants' conduct to the conduct of Scarpa, the FBI, and the U.S. Attorney's office during the Columbo war." *Malpeso*, 115 F.3d at 162.  The *Malpeso* court held that the evidence was properly excluded because the:

> likely (and presumably intended) effect of admitting evidence of the Scarpa/DeVecchio issue would have been to shift the focus away from the relevant evidence of the defendants' wrongdoing to tangentially related misdeeds of one government agent.  Such a diversion not only risked needlessly delaying the trial, but also created the very real possibility that the jury would improperly discredit the government's case in reaction to DeVecchio's allegedly gross misconduct.

*Malpeso*, 115 F.3d at 163.

The Eleventh Circuit has underscored the same principles, applicable to use of evidence in cross-examination of Government witnesses as well as in the presentation of a defense case. In *United States v. Lyons*, 403 F.3d 1248 (11th Cir. 2005). The defendant was charged with being a felon in possession of ammunition. The federal offense was charged as a result of a search incident to the defendant's disorderly conduct arrest by the State of Florida. *Id.* At 1255. The district court granted the United States' motion *in limine* to exclude, on relevance grounds, evidence that the defendant had been acquitted of the state charge. *Id.* The defendant's counsel sought to cross-examine the arresting officer as to bias based on that acquittal, arguing that the officer might have planted the bullets on him. Counsel argued that the district court's ruling precluded his ability to argue that the officer was prejudiced against the defendant because of the state court acquittal, which motivated the officer to embellish his testimony in the case. *Id.* Indorsing the district court's ruling, the Eleventh Circuit reviewed the rules of relevance and the limits of cross-examination. *Id. at 1255-57.* The Court found that "the relevance, if any, of Lyon's acquittal in state court was exceedingly marginal and, given that it may have confused the jury," found no abuse of discretion in the district court's exclusion of it. *Id. at* 1256. *See also United States v. Simms,* 385 F.3d 1347 (11th Cir, 2004), c*ert. denied*, 125 S.Ct. 1872 (2005).

### *Enumerated Items of Discovery*

Virtually none of the evidence recited above is relevant to any fact that is of consequence in this case. The issues before the finder of fact have been detailed not only in the "talking" indictment, but in this Court's rulings on the defendant's unsuccessful motions to dismiss the indictment (Doc. No. 38, 40). Counsel for Defendant's history with Officer David DeJohn and Officer DeJohn's own history (Items A through G, items I through L) are irrelevant to the proof

of or defense of Defendant SALUM's alleged criminal conduct.  Items N and O are irrelevant: there is no suggestion that acquiring the photograph of Officer DeJohn which appeared on a *public* website was criminal.  Counsel for Defendant's entire biography of "The Colorful Life and Times of Julian L. McPhillips, Jr." is irrelevant.  Only Item H, documents which attest to Sergeant Jay King's lawful access to ACJIS/NCIC information at the Montgomery Police Department, have possible relevance, depending upon the testimony which Sergeant King gives in the Government's case-in-chief.                                                                                           .

Even assuming for the sake of argument that Items A through G, I through O and Counsel for Defendant's biography had relevance – which the United States argues neither facts nor law support – any relevance is substantially outweighed by the danger of unfair prejudice and confusion of the issues that the admission of such evidence would create.  This Court need not look far to determine the "likely and presumably intended effect" of its offer.  *Malpeso*, 115 F.3d at 163.  Counsel for Defendant has made his intent to try to contort the trial of Defendant SALUM into a trial of Officer David DeJohn abundantly clear.

Therefore, the United States hereby moves, *in limine*, that the Court exclude Items A through G, I through O and Counsel for Defendant's biography.  The United States moves the Court to reserve ruling on Item H until the testimony of Sergeant King.

### *Jury Nullification*

The United States further moves, *in limine*, to exclude the introduction of evidence or argument suggesting jury nullification, that is, the power of the jurors to disregard their oaths and to decide the case without regard to the Court's instructions thereon.  Such efforts to introduce evidence in support of such arguments, and such arguments themselves, are improper.  As the

Eleventh Circuit noted in *United States v. Funches,* 135 F.2d 1405, 1409 (11th Cir. 1997):

> In *Trujillo,* 714 F.2d at 105-06, we concluded that a criminal defendant is unentitled to a jury instruction which alerts the jury of its *de facto* power and further, that defense counsel may not argue jury nullification during closing argument. <u>Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence</u>. *See Zal v. Steppe,* 968 F.2d 924, 930-31 (9th Cir. 1992)(Trott, concurring)(no right to present evidence that is irrelevant to a legal defense); *United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C.Cir. 1975) (affirming trial court's refusal to admit evidence bearing no legal relation to the charges but which might encourage a "conscience verdict" of acquittal), *supp. by* 536 F.2d 410 (D.C. Cir. 1976); *United States v. Lucero*, 895 F. Supp. 1421, 1426 (D.Kan. 1995) ("defendants are not entitled to present evidence which is irrelevant for any purpose other than to provoke finder of fact to disregard the law). *Cf. United States v. Horsman,* 114 F.3d 822, 829 (8th Cir. 1997)(no violation of defendant's substantial rights where only possible deprivation suffered was possibility of jury nullification), *pet. for cert. filed* (U.S. Sept. 4, 1997)(No. 97-5872).
>
> <u>No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant</u>. (Emphasis added.)

In this case, Counsel for Defendant has repeatedly argued his personal belief that the defendant's conduct is not or should not be a crime, and that, therefore, Defendant SALUM should not be convicted. (Doc. 27, 28, 37, 39); para. 2, 4, *supra*. Counsel for Defendant has likewise continued to suggest with absolutely no evidence to support him that the United States Government has, wittingly or unwittingly, colluded with Officer David DeJohn in seeking and obtaining the return of the instant indictment and in prosecuting Defendant SALUM. Neither the defendant, should he choose to testify, nor his counsel, through cross-examination of

Government witnesses or in argument, should be permitted to make such arguments. They are erroneous as a matter of law, are irrelevant, and are highly prejudicial. Fed. R. Evid. 401, 402, 403.

## Requested Relief

WHEREFORE, the United States requests that the Court issue an Order excluding the above-described evidence and arguments from admission at trial.

RESPECTFULLY SUBMITTED this **29th** day of September, 2005.

> GREGORY R. MILLER
> United States Attorney
>
> **/s/Dixie A. Morrow**
> DIXIE A. MORROW
> Assistant United States Attorney
> Florida Bar No. 0354589
> Georgia Bar No. 525543
> Texas Bar No. 24034796
> Northern District of Florida
> 21 E. Garden Street, Suite 400
> Pensacola, Florida 32502
> (850) 444-4000

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing GOVERNMENT'S MOTION IN LIMINE upon the defendant by electronic filing with and noticing by the Clerk of Court, and by mailing an additional courtesy copy of same to the defendant's counsel of record: Julian L. McPhillips, Jr., McPHILLIPS SHINBAUM LLP, Post Office Box 64, Montgomery, Alabama 36101.

THIS **29th** day of September, 2005.

                                                       **/s/Dixie A. Morrow**
                                                     DIXIE A. MORROW
Assistant United States Attorney
Florida Bar No. 0354589
Georgia Bar No. 525543
Texas Bar No. 24034796
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000