IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**GEORGE DAVID SALUM, III** | CASE NO. **2:05-CR-137-F** |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE**

COMES NOW Defendant GEORGE DAVID SALUM, III, by and through his attorney, Julian L. McPhillips, Jr., and responds to the Government's Motion in Limine, filed herein on September 29, 2005.

**I. STATEMENT OF FACTS**

The Defendant in this case has been charged with violating: 18 U.S.C. §1503; 18 U.S.C. §1030(a)(2)(B); 18 U.S.C. §1030(c)(2)(B)(i); and 18 U.S.C. §1030(c)(2)(B)(ii).

On September 29, 2005, the United States of America, through its attorneys, filed a Motion in Limine to exclude from evidence and argument certain matters, set forth therein.

On September 30, 2005, this Court filed an Order that the Defendant show cause in writing on or before October 7, 2005, as to why the Government's Motion in Limine should not be granted. Upon motion by Defendant, this Court extended the time for response to October 14, 2005.

Trial is currently set in this matter for November 7, 2005.

**II. DISCUSSION**

**A. Enumerated Items**

In its Motion, the Government requested that no less than fourteen enumerated items be excluded at trial as irrelevant under Fed. R. Evid. 401. The enumerated items are relevant, as discussed below, under the following Federal Rule of Evidence.

## 1. Federal Rule of Evidence 403

The Government argues that the items listed are not relevant, and even if they are relevant, they should not be admitted under Fed. R. Evid. 403, because their "probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In its argument that the proffered evidence is not relevant, the Government cites United States v. Moore, 917 F.2d 215, 266 (6th Cir. 1990), to stand for the proposition that a defendant cannot proffer evidence of unlawful activity by a county sheriff not directly related to the offence charged in the instant case. This case is distinguishable from the instant case. Items A through G are relevant because they all have a **tendency to show that Raymond DeJohn was not intimidated, impeded or obstructed** by the posting of his image on the website in question. To borrow some language from the Government's motion, "(1) the evidence must tend to prove the matter sought to be proved, and (2) the matter sought to be proved must be one that is of consequence to the determination of the action. These Items, A through G, support the defense of certain elements of the crimes with which the defendant has been charged, and therefore ought to be admitted. The personality and history of DeJohn is relevant in this case because **George Salum is charged with "endeavor[ing] to influence, obstruct, or impede, the due administration of justice**" namely DeJohn's being a witness. 18 U.S.C. §1503.

**Raymond DeJohn is, and has been, a public figure for some time**. Items A through G and I through L relate to three incidents instrumental in launching Raymond DeJohn into the spotlight as a public figure. Items A through C relate to a **lawsuit filed by DeJohn against then-city councilman Richard Moncus who had publicly called DeJohn a "psycho"** because of his behavior. Item J relates to an incident wherein **DeJohn shot a man for parking in front of his**

**house**. The book, <u>The People's Lawyer</u>, features a story about **DeJohn wrongfully running over, in his car, a black man in the housing projects**. That story is a continuing theme in each of four parts of a book that has sold almost 5,000 copies in Alabama.

All these incidents were widely publicized and made DeJohn not just a "known person" in Central Alabama, but **arguably one of the best known people** in the Montgomery area, if not a "household name."

### 2. Federal Rule of Evidence 404(a)(2)

"Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except … (2) Character of alleged victim. Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same …" <u>Fed. R. Evid. 404(a)</u>. **In this case, Raymond DeJohn is the only alleged victim of intimidation. Therefore, evidence of DeJohn's character traits pertinent to the charges are clearly admissible under F.R.E. 404(a)(2)**.

Under the general and unlimited mandate of Rule 404(a)(2) and the broad definition of relevance in Rule 401, defendant police officers charged with conspiracy and perjury stemming from concealment of the illegal killing of two individuals were permitted to introduce evidence in the form of reputation or opinion testimony, given by witness with sufficient personal knowledge, that the deceased were violent or dangerous persons, notwithstanding the government's contention that the crimes charged were victimless crimes and that there was no issue in the case as to which evidence of the violent character of victims is relevant. <u>United States v. Perez-Casillas</u>, 607 F. Supp. 88, 92 (D.P.R. 1985), *cert. denied* 484 US 966 (1987). <u>Perez-Casillas</u> is similar to the instant case in that the government claims that DeJohn's character is not at issue in the case. DeJohn, however, is the alleged victim of intimidation. Thus,

3

reputation evidence and opinion about Raymond DeJohn should be admitted under the "**general and unlimited mandate of Rule 404(a)(2)**." Id. at 92.

### 3. Federal Rule of Evidence 405

F.R.E. 405 sets forth permissible methods for showing character, namely:

> (a) <u>Reputation or opinion</u>. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. **On cross-examination, inquiry is allowable into relevant specific instances of conduct**. (emphasis added)
> (b) <u>Specific instances of conduct</u>. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.
> Fed. R. Evid. 405.

Both provisions of this rule apply to the evidence Salum's defense seeks to present. Because DeJohn is the alleged victim of intimidation, pertinent character evidence about him is admissible. That is, is DeJohn easily intimidated, or, quite the opposite, does nothing really intimidate him? Accordingly, under F.R.E. 405 evidence of DeJohn's (a) reputation and (b) specific instances of conduct should be admitted.

Items D, E, F, G, I, K and L relate to the lawsuit filed against DeJohn stemming from an incident wherein, as above-mentioned, DeJohn needlessly ran over a man with his Suburban police vehicle. The resulting publicity and litigation certainly made Raymond DeJohn a known person in Central Alabama. Item K reflects that DeJohn's photo was published in the newspaper on numerous occasions, and the newspaper articles are the proverbial "tip of the iceberg" in terms of DeJohn's media exposure surrounding that case.

**DeJohn's name and likeness routinely appeared on television and in the newspapers as these cases unfolded, and DeJohn's publicity was not limited to litigation related items.** Item N is a law enforcement organization website featuring DeJohn's name and photograph. As afore-mentioned, DeJohn was also prominently featured in the book, <u>The People's Lawyer</u>,

4

which was provided to the government. The defense must be permitted to show the jury that DeJohn, as a public figure with a likeness and name so well publicized in the media, was in no way "exposed" or "intimidated" by the mere posting of his photograph on a website.

On the contrary, the opportunistic DeJohn saw this posting as an opportunity to profit from a lawsuit, which the U.S. Attorney is aiding, inadvertently or otherwise, through their prosecution of Salum. Further, evidence would show that DeJohn has a habit of profiting from lawsuits, for instance, in the case of City Councilman Richard Moncus, DeJohn was paid a fair sum of money (approximately $17,000) to avoid the continuing harassment of DeJohn's suit. Thus, DeJohn is looking to profit from the lawsuit he now has pending against George Salum and others involved in this matter. See Complaint attached hereto as Exhibit A and incorporated herein by reference. DeJohn therefore has a financial interest in the outcome of this criminal proceeding brought by the United States government.

Most importantly, the defense would use this information about DeJohn to show that the posting of DeJohn's photo on the website in question **in no way influenced, obstructed or impeded DeJohn as a witness**, which is an element of the charge under 18 U.S.C. §1503.

### 4. Federal Rule of Evidence 404(a)(3)

Additionally, Items A through G show that DeJohn has a long history of using the courts for his own benefit. F.R.E. 404(a)(3) **permits evidence on the character of a witness as bearing on his credibility**. Fed. R. Evid. 404(a)(3). As stated above under F.R.E. 405, the defense must be permitted, under Rule 404(a)(3) also, to show the jury **that the alleged victim, DeJohn, has a direct financial interest in the outcome of this criminal proceeding, because a criminal conviction of George David Salum would virtually guarantee success for DeJohn in his civil action**. These items would not be offered to prove that DeJohn somehow "deserved what he got." They would be **offered only to show to the jury possible bias, and should**

5

**therefore be admitted at trial as to DeJohn's credibility as a witness**.

The government goes on to contend that even if the material about DeJohn is relevant, it should be excluded because its probative value is outweighed by undue prejudice its admission may cause. This is not the case. **The probative value of these exhibits as to DeJohn's credibility, bias, and financial motivation is extremely high**. As set forth above, these exhibits also speak directly to the defendant's case regarding the elements of the charges against him, and justice requires this information be admitted for consideration by the Court.

The government relies on United States v. Malpeso, 115 F.3d 155 (2nd Cir. 1997) to support their argument of "unfair prejudice." This case is distinguishable from the instant case because the defendant in Malpeso sought to introduce evidence of an improper relationship between the FBI and the informant in the case. The Malpeso court held that the improper relationship was only tangentially related and excluded the evidence because it might have confused the jury.

In the instant case, DeJohn is the alleged victim and an element of the charge is that Salum endeavored to intimidate, impede or obstruct DeJohn from testifying. Clearly, DeJohn and his personality are central to this case, not merely tangentially related, and information about DeJohn should **not** be excluded at trial.

The government claims that United States v. Lyons, 403 F.3d 1248 (11th Cir. 2005) further supports their position but **bases its argument solely on dicta**. The question before the Court in Lyons was whether a prior acquittal is relevant. The facts described in the government's motion are not relevant to the instant case. Therefore, this case has no bearing on the issues before the Court today.

### B. Government's "Contortion" Claim

The government's claim that "Counsel for Defendant has made his intent to try to contort

the trial of Defendant Salum into a trial of Officer David Dejohn is abundantly clear" is misguided and untrue. There has been no attempt by the undersigned to do anything of the sort. True, there are genuine issues of credibility in this case, and the evidence provided in discovery is intended, in part, to address these issues.

More importantly, however, the defense intends to offer evidence at trial to defend the elements of the charges against George David Salum. **Where the charge is "that Salum endeavored to intimidate, impede and obstruct DeJohn from testifying," information about DeJohn is necessary to mount an adequate defense and should be admitted at trial.**

### C. Jury Nullification

It is mysterious why the government also requests that any evidence or argument suggesting jury nullification be excluded. The defense agrees wholeheartedly that the jury has a solemn duty to follow the law in all its deliberations. Only this Court can charge the jury, not the prosecution, and not the defense. Certainly the defense will respect this Court's instructions in this regard.

### D. Government Collusion

The government also objects to any information that the government has colluded with DeJohn, even if unwittingly, supported only by the bald assertion that any such information is erroneous as matter of law, are irrelevant, and are highly prejudicial.

As set forth above, the fact that DeJohn is taking advantage of our legal system for his personal, financial gain speaks directly to DeJohn's bias and credibility. Perhaps rightly, the government is uncomfortable with being an unwitting assistant in DeJohn's personal gain. That the government finds itself in a compromising position is not appropriate grounds for excluding evidence that DeJohn is in a position to gain financially from this criminal matter.

In United States v. Carmichael, 381 F. Supp. 2d 1317 (D. Ala. 2005), Judge Myron

Thomas underscored the importance of criminal convictions to DeJohn's civil cases when he wrote, **"If anything, the filing of [DeJohn's civil] lawsuit heightened Carmichael's attorney's interest in his acquittal for the simple reason that Carmichael's conviction strengthened the merits of DeJohn's case; a jury evaluating DeJohn's argument will be far more likely to believe that Carmichael intended to inflict emotional distress by posting DeJohn's photographs on the web site if they are aware he is a convicted drug dealer than if he is an innocent man."**

A conviction in Carmichael, as referenced above, is directly analogous to a conviction of George Salum in the instant case. **A conviction of Salum in this case would greatly strengthen DeJohn's civil case for damages, creating a powerful incentive for DeJohn to testify in a way favorable to the government, and designed to sink George David Salum**. It is materially significant that Salum is a defendant in DeJohn's civil case at the very same time that he is a defendant in the government's criminal case. See Exhibit A, attached hereto. Therefore, evidence of DeJohn's civil action and the benefit he stands to derive from a conviction in this criminal matter should clearly be admitted into evidence.

### III. CONCLUSION AS TO REQUESTED RELIEF

WHEREFORE the Defendant, George David Salum, III, requests that this Court deny the Government's Motion in Limine in its entirety.

RESPECTFULLY SUBMITTED this 14th day of October, 2005,

GEORGE DAVID SALUM, III
Defendant

Electronically Signed
BY: JULIAN L. McPHILLIPS, JR. (MCP004)
Attorney for Defendant
P.O. Box 64
Montgomery, AL 36101
(334) 262-1911

8

OF COUNSEL:
McPHILLIPS, SHINBAUM, L.L.P.
516 S. Perry Street
Montgomery, AL 36104
(334) 262-1911

## CERTIFICATE OF SERVICE

    I certify that, on this date, I have served a copy of the foregoing upon the Government by electronic filing, and by mailing an additional courtesy copy of same to the Government's attorneys at the addresses below:

    Dixie A. Morrow
    Assistant United States Attorney
    Northern District of Florida
    21 E. Garden Street, Suite 400
    Pensacola, FL 32502

                                          Electronically Signed
                                          BY: JULIAN L. MCPHILLIPS, JR.