Exhibit A

## IN THE CIRCUIT COURT
### FOR THE 15TH JUDICIAL CIRCUIT
### FOR THE STATE OF ALABAMA

R. DAVID DEJOHN,                              )
                                             )
     PLAINTIFF,                          )
                                             )
v.                                           )          CASE NO. _CV05-1562_
D1                                           )
CITY OF MONTGOMERY (MONTGOMERY )
POLICE DEPARTMENT);  GEORGE DAVID )  D2
SALUM, III; SHANNON YOUNGBLOOD; D3 )
D4 LEON CARMICHAEL; CUBIE RAE                )
D5 GILMORE HAYES; RICKY MOORE; D6            )
D7 JOHNNY G. WHITE, JR.; STEPHEN R.          )
D8 GLASSROTH; LISA MONET WAYNE; D9           )
D10 SUSAN JAMES; MONTGOMERY D11              )
WESTSIDE WEEKLY; and Fictitious              )
Defendants "A"; "B"; "C"; "D"; "E"; "F";     )
"G"; "H"; and "I";                           )
whether singular or plural, those            )
other persons, corporations, firms,          )
or other entities whose wrongful             )
conduct caused or contributed to             )
cause the injuries and damages to            )
the Plaintiff, all of whose true and         )
correct names are unknown to                 )
Plaintiff at this time, but will be          )
substituted by amendment when                )
ascertained,                                 )
                                             )
     Defendants.                         )

FILED
IN CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 JUN 23 AM 9: 14

## COMPLAINT

**COMES NOW**, the Plaintiff, R. David DeJohn, by and through his attorney, and for a

complaint against the Defendants, state and allege as follows:

### I. JURISDICTION AND VENUE

1. This court has jurisdiction over the Plaintiff's claim as the tortious actions complained of

are causes of actions pursuant to state law.

2. Venue herein is proper in Montgomery County, State of Alabama, as the removal of the photograph and personnel file from the unsecured files of the City of Montgomery, Montgomery Police Department as well as the posting of the photograph in the internet allegedly occurred in Montgomery County, Alabama.

## II. PARTIES

3. The Plaintiff, R. David DeJohn is an individual and has resided in the State of Alabama, at all times pertinent hereto. Prior to working with the Prattville Police Department, R. David DeJohn was employed with the Montgomery Police Department. R. David DeJohn was detailed by the Prattville Police Department to the United States Drug Enforcement Administration (DEA) as a Task Force Officer(TFO) assigned to investigate the case against Leon Carmichael.

4. The Defendant, the City of Montgomery is a municipality located in the State of Alabama, Montgomery County, of which the Montgomery Police Department is an entity under the said supervision of the City of Montgomery which was responsible for the security of the photographs, personnel files of former employees, as well for the security of the "Alabama Criminal Justice Information System" and the "National Crime Information Center which houses nationwide criminal records.

5. The Defendant, George David Salum, III was an employee of the City of Montgomery working in the Montgomery Police Department as a Lieutenant at all times during which the said personnel file and photograph was removed from the files and records of the Montgomery Police Department.

6. The Defendant, Sergeant Shannon Youngblood was an employee of the City of Montgomery working in the Montgomery Police Department as a Sergeant at all times during which the said personnel file and photograph was removed from the files and records of the Montgomery Police Department.

7. The Defendant, Leon Carmichael, is an individual who resides in the City of Montgomery, Alabama, and has been charged with conspiracy to possess with intent to distribute and distributed more than 3,000 kilograms of marijuana. Carmichael employed Stephen R. Glassroth, as well as Lisa Monet Wayne as his attorneys and agents at all times relevant to this complaint.

8. The Defendant, Cubie Rae Gilmore Hayes, is an individual who resides in the City of Montgomery, Alabama and has been identified as the author of the website containing the stolen photograph of the Plaintiff, R. David DeJohn.

9. The Defendant, Ricky Moore, is a former member of the Montgomery Police Department, and was a private investigator, whose business is located in or near the City of Montgomery and was working with the Defendant Johnny G. White, Jr. at all times relevant thereto.

10. The Defendant, Johnny G. White, Jr., was a private investigator, whose business is located in or near the City of Montgomery, Alabama.

11. The Defendant, Stephen R. Glassroth was an attorney practicing law in the City of Montgomery, State of Alabama and represented Leon Carmichael from on or about November 19, 2003 until November 4, 2004. Stephen R. Glassroth's name appeared in the Carmichael website as a person to contact for information regarding any of the

individuals named or later displayed on the said website. Glassroth was an agent of Carmichael and directed his agents or employees during the time relevant to this complaint.

D10

12. Susan James is an attorney practicing law in Montgomery County, State of Alabama and is currently representing Leon Carmichael. Susan James's name now appears on the Carmichael website as a person to contact for information regarding any of the individual names or now displayed on the said website. James is now an agent of Carmichael who has recently updated the said website to include not only the stolen photograph of DeJohn but two other photographs of the said Plaintiff.

D9

13. The Defendant, Lisa Monet Wayne, is an attorney practicing law in the City of Denver, Colorado, and represents the Defendant, Leon Carmichael. Lisa Monet Wayne's name appears on the Carmichael website as a person to contact for information regarding any of the individuals named or later displayed on the said website.

D11

14. Montgomery Westside Weekly, is a newspaper published in the City of Montgomery, State of Alabama which edition Volume 12, Number 39 published August 12-18, 2004, contained a full page depicting the said website containing the stolen photograph of DeJohn.

15. Fictitious Defendants "A", "B", "C", "D", "E", "F", "G", "H" and "I" whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

### III. FACTS

16. On November 17, 2003, Leon Carmichael was arrested on weapons charges and was under investigation for his connection to a seizure of 574 pounds of marijuana seized on the same day. Mr. Carmichael was subsequently charged by indictment on November 19, 2003, with conspiracy to possess marijuana with the intent to distribute as well as conspiracy to commit money laundering.

17. Shortly after his arrest Carmichael, by and through his agents, Hayes, Glassroth and Wayne set up a website related to this case. The author was identified as Cubie Rae Gilmer Hayes and was later found to be registered under the name of "An Eye for an Eye". The site came to the attention of law enforcement in January, 2004. The site has at the time of the filing of this complaint undergone several versions and revisions. Cubie Rae Gilmore Hayes is also the spokesperson for the Carmichael Center, which is owned by the Defendant, Leon Carmichael.

18. On or about August 9, 2004, DeJohn became aware that the website now contains his photograph or image along with four of the alleged informants in the case. DeJohn recognized the image as his identification photograph from his former employer, Montgomery Police Department.

19. On August 12, 2004, DeJohn met with Sergeant N.W. McMahon, Sergeant J. Bolton and Lieutenant P. Fleming of the Montgomery Police Department's Internal Affairs Bureau. At that time, the members of the Internal Affairs Bureau confirmed that the photograph on the website; and the old identification photograph, were in fact the same image. DeJohn requested an investigation at that time and was told that someone would contact him

regarding the same.

20. On August 19, 2004, DeJohn learned that the copy of the photograph identification card was now being disseminated on a second website: www.whosarat.com authored by Sean Bucci. Bucci is currently charged with trafficking in marijuana in the United States District Court for the State of Massachusetts.

21. After waiting several weeks and hearing nothing from the Montgomery Police Department, on August 27, 2004, Counsel for DeJohn wrote the Honorable Walter Byars, Jr., the Attorney for the City of Montgomery and again requested a formal investigation as to how the photograph was taken from the Montgomery Police Department and given to someone with the Carmichael defense team for posting on the website.

22. The request for an investigation was received by the City of Montgomery on Monday, August 30, 2004 and DeJohn gave his formal statement to Internal Affairs Investigators on Tuesday, August 31, 2004.

23. On Wednesday, September 1, 2004, the Honorable Walter Byers contacted Counsel for DeJohn and informed said Counsel that in fact someone within the Montgomery Police Department had released the photograph without permission. Byers further informed Counsel that there would be a news conference on Thursday, September 2, 2004 at which time Mayor Bright would reveal the identify of the said individual. Byers further informed Counsel that the person would be placed on Administrative Leave without pay.

24. On Thursday, September 2, 2004, Mayor Bright identified Lieutenant George David Salum, III as the individual who had been placed on Administrative Leave. Mayor Bright also stated that Lieutenant Salum would be disciplined by the City of Montgomery for

releasing the said photograph to an unauthorized individual.

25. On that same day, the Honorable Julian McPhillips, Counsel for Lieutenant Salum held a news conference in which he stated that Lieutenant Salum had released the photograph to Ricky Moore, a former Montgomery Police Officer, who is now working as a private investigator for Carmichael. It was also released during the news conference learned by Lieutenant Salum was assisted in the removal of the photograph by Sergeant Youngblood of the Montgomery Police Department. Salum retired from the Montgomery Police Department prior to being disciplined by the City of Montgomery for his illegal actions.

26. Later that night, two other fuzzy photographs of DeJohn appeared on the said website.

27. It was subsequently learned that the microfilm and/or a computerized copy containing the personnel file of the Plaintiff, David DeJohn was also removed from the Montgomery Police Department System by Salum. Salum allegedly turned the photograph over to Ricky Moore and/or Johnny G. White, Jr. This information was then turned over to Stephen R. Glassroth and/or Lisa Monet Wayne the attorneys and agents for the Defendant, Leon Carmichael.

28. Due to the lack of security as well as the negligence of the City of Montgomery the said Lieutenant George Salum with the assistance of Sergeant Shannon Youngblood was able to access not only the photograph, but also the microfilm or computerized copy containing the personnel file of David DeJohn.

29. The said stolen photograph was then published in the Montgomery Westside Weekly, in Volume 12, Number 39, dated August 12-18, 2004. The Montgomery Westside Weekly published said photograph without the said permission of the Plaintiff thereby invading his

right to privacy.

30. On May 25, 2005, a federal indictment was issued from the Middle District of Alabama, Northern Division, charging George David Salum, III with obstruction of justice as well as the unauthorized utilization of the NCIC/ACJIS information obtained from the Montgomery Police Department terminals on request or demand, in exchange for payment of United States currency.

31. It was also learned from the said indictment that in 2004, Glassroth as an agent of Carmichael, hired White to obtain information about DeJohn, to include a photograph of DeJohn and the Montgomery Police Department personnel file of DeJohn. As per the said indictment, Glassroth, as an agent of Carmichael,   further directed White to obtain criminal histories of the said witnesses including DeJohn, if any from the unsecured NCIC/ACJIS computes housed within the Montgomery Police Department. Glassroth, as an agent of Carmichael allegedly paid White, who allegedly paid Moore and Salum for their services in the said illegal enterprise.

32. The Defendants, Lisa Monet Wayne and Steven Glassroth and presently Susan James further acted as agents or employees of Carmichael and have actively solicited information regarding R. David DeJohn utilizing the stolen photograph on the website authored by Cubie Rae Gilmore Hayes. As of the date of the filing of this complaint, the said website as again been revised to display not only the photograph stolen from the Montgomery Police Department but also two other photographs of the Plaintiff.

33. David DeJohn has been damaged by his inability to now work in an undercover capacity which has and will affect his livelihood. Further, due to the lack of security and the

-8-

actions of the personnel of the City of Montgomery, specifically the Montgomery Police Department, the life and welfare of David DeJohn as well as his family has been placed in danger causing physical, mental and emotional stress not only for David DeJohn but also his family.

34. On Friday, June 17, 2005, Leon Carmichael and his co-defendant, Freddie Williams were convicted of all of the charges by a jury in the United States District Court for the Middle District of Alabama. Mr. Carmichael is due to be sentenced in August 22, 2005 and is currently in the custody of the United States Marshal Service.

## IV.  COUNT ONE: NEGLIGENCE

35. The Plaintiff incorporates and realleges paragraphs one through thirty-four, as if fully set forth herein.

36. The Defendant, City of Montgomery, and particularly the Montgomery Police Department, has been negligent in the securing the photographs and personnel files of former employees allowing the same to be accessed, stolen and /or utilized without authorization from the files, microfiche, and/or computerized systems of the said Montgomery Police Department.

37. Due to the negligence of the City of Montgomery and particularly, the Montgomery Police Department the Plaintiff has been damaged as is set forth in paragraph thirty-two set forth hereinabove and incorporated herein by reference.

**WHEREFORE THE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendant for a sum to include both compensatory and punitive damages, together with interest, costs and expenses of this action.

## V. COUNT TWO: INVASION OF PRIVACY

38. The Plaintiff incorporates and realleges paragraphs one through thirty-seven as if fully set forth herein.

39. The Defendants, as is listed above, misappropriated the likeness of the Plaintiff, and has allowed the likeness of the said Plaintiff to be published by the Defendant on two websites, as well as the publication by the Montgomery Westside Weekly, and has caused the misappropriation of the personnel file of the Plaintiff. Said information has been placed in public view without the permission of the Plaintiff.

40. This wrongful intrusion into the Plaintiff's private activities was done in a manner to outrage, intimidate or cause mental suffering, shame, and humiliation.

41. The mental suffering, shame, and humiliation were the proximate result of such wrongful conduct by the Defendants in the procurement and publishing of the said photograph and the utilization of the said information which is contained in the misappropriated personnel file.

42. The violation of the plaintiff's privacy was accompanied by insult and malice.

**WHEREFORE THE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendant for a sum to include both compensatory and punitive damages, together with interest, costs and expenses of this action.

## VI. COUNT THREE: INFLICTION OF EMOTIONAL AND MENTAL DISTRESS

43. The Plaintiff incorporates and realleges paragraphs one through forty-two as fully set forth herein.

44. All the Defendants, did as a proximate consequence of their intentional actions caused the

-10-

Plaintiff to suffer severe emotional distress due to the actions of the Defendants as is set forth in paragraphs fifteen through thirty-three set forth herein above.

**WHEREFORE THE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendants for a sum to include both compensatory and punitive damages, together with interest, costs and expenses of this action.

## VII.  COUNT FOUR: NEGLIGENT INFLICTION OF
## EMOTIONAL AND MENTAL DISTRESS

45. The Plaintiff incorporates and realleges paragraphs one through forty-four as fully set forth herein.

46. All of the Defendants, as a proximate consequence of their negligent and or intentional actions, have caused the Plaintiff to suffer severe emotional distress.

**WHEREFORE THE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendant for a sum to include both compensatory and punitive damages, together with interest, costs, and expenses of this action.

## VIII. COUNT FIVE: ECONOMIC INJURY

47. The Plaintiff incorporates and realleges paragraphs one through forty-six as fully set forth herein.

48. The aforementioned conduct of the Defendants were done intentionally, recklessly, wantonly, and negligently and has caused an economic injury to the Plaintiff as is set forth hereinabove.

49. As a proximate consequence of the Defendants' actions, the Plaintiff was injured and damaged as set forth in paragraphs fifteen through thirty-three as set forth herein above.

**WHEREFORE THE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendant for a sum to include both compensatory and punitive damages, together with interest, costs, and expenses of this action.

### IX.  REQUESTED RELIEF

The Plaintiff requests from this Honorable Court the following relief:

1. To award the Plaintiff compensatory damages for all of the economic injuries caused by the actions of the Defendant either through their neglect and/or intentional actions.

2. Award the Plaintiff compensatory damages for his physical and emotional suffering and related medical and therapeutic expenses.

3. Award the Plaintiff punitive damages.

4. Award the Plaintiff all expenses accrued as was necessary to litigate this matter, which includes and is not limited to attorney's fees, expert witness fees, and etc.

5. Award the Plaintiff costs, expenses, interest and such other relief as this Honorable Court may deem proper.

**Done and Dated** this the ___21___ day of June, 2005.

R. David DeJohn

### VERIFICATION

**BEFORE ME**, the undersigned Notary Public, appeared R. David DeJohn, who is known to me after being duly sworn, did sign his name as attestation that the foregoing allegations contained in this complaint are true and correct to the best of his knowledge, information and belief, on this the 21 day of June, 2005.

R. David DeJohn

-12-

**SWORN TO** and subscribed before me on this the ⟨21⟩ day of June 2005.

*Rebecca H Moore*
NOTARY PUBLIC
My Commission Expires: 05 no 06

ROIANNE HOULTON CONNER (FRI021)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
ROIANNE HOULTON CONNER (FRI021)
LAW OFFICE OF ROIANNE HOULTON CONNER
P.O. BOX 240458
250 WINTON BLOUNT LOOP
MONTGOMERY, AL 36117
(334)215-1988 OFFICE PHONE
(334)215-7778 FACSIMILE

## JURY DEMAND

Plaintiff hereby demands trial by Jury of all issues of this cause.

ROIANNE HOULTON CONNER

-13-