IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHEN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| v. | ) CRIM NO. 2:05CR137-F |
| | ) |
| **GEORGE DAVID SALUM** | ) Request for immediate Hearing |

## MOTION FOR AN ORDER TO SHOW CAUSE AS TO WHY THE PRE-TRIAL PRODUCTION OF JENKS ACT MATERIAL SHOULD NOT BE PRODUCED BY THE FEDERAL GOVERNMENT ONE WEEK BEFORE TRIAL

COMES NOW the Defendant, George David Salum, III, by and through his undersigned counsel of record, Julian L. McPhillips, Jr., and moves this Honorable Court to Order the government to produce for use by the defense all Jenks Act material one (1) week before trial, to allow for a fair investigation by the defense and cross-examination and confrontation at trial. As grounds therefore states:

1. That trial is scheduled for November 7, 2005, and the defense has not received any Jenks material.

2. See copies of an exchange of correspondence between Assistant U.S. Attorney Dixie Morrow and the undersigned, which is self explanatory.

3. Pre-trial production of Jenks Act material is the common practice within this district. The government shall anticipate the need for, and arrange for the transcription of the grand jury testimony of all witnesses, who will testify in the government's case in chief, if subject to *Fed. R. Crim. P. 26.2* and *18 U.S.C. Section 3500*. (See *Standing Order on Criminal Discovery in the United States District Court for the Middle District of Alabama* **Obligations of the Government** *(A)*).

4.      The Act requires production of "any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." *18 U.S.C. Section 3500 (b)*. The Act then defines "statement" to include "a stenographic, mechanical, electrically, or other recording, or a transcript thereof." 18 U.S.C. Section 3500 (e) (2) (emphasis added).

5.      If the Jenks Act material is not produced until the day of the commencement of the trial, it will deny the Defendant adequate time to review the same and prepare for trial, and thereby effectively denies the defense effective access to the Jenks material. If the government is willing to produce the Jenks Act statements on the day of the trial, then it should be willing to produce the same one week before the trial. It does not prejudice the government to do so.

## **PRAYER FOR RELIEF**

Wherefore, Defendant prays this Honorable Court for an Order directing the government to provide all Jenks Act material to the defense at this time.

Respectfully submitted this 21st  day of October,2005.

By:   Electronically signed by
      JULIAN L. MCPHILLIPS, Jr.
      Attorney for Defendant
      Alabama Bar No. MCP004
      P.O. Box 64
      Montgomery, Al 36101
      334-262-1911

OF COUNSEL:
**MCPHILLIPS SHINBAUM, L.L.P**
P. O. Box 64
Montgomery, AL 36101

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing by placing a copy of same in the United States Postal Service, postage prepaid and properly addressed, and by electronically filing with the clerk of the Court, to the following address on this the 21st day of October, 2005, upon:

Dixie Morrow
Assistant United States Attorney
Northern District of Florida
21 E. Garden Street, Ste. 400
Pensacola, FL 32502

    Electronically signed by
    JULIAN L MCPHILLIPS JR