# McPhillips Shinbaum, L.L.P.

ATTORNEYS AND COUNSELORS AT LAW
516 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104

TELEPHONE (334) 262-1911
TOLL FREE (866) 224-8664
FAX (334) 263-2321

Julian L. McPhillips, Jr.*
Kenneth Shinbaum
Mary Goldthwaite
Karen Sampson Rodgers
Aaron J. Luck
James G. Bodin**
Joseph C. Guillot

Of Counsel
G. William Gill

Mailing Address
Post Office Box 64
Montgomery, Alabama 36101

* Also Admitted
in New York

**Also Admitted
in District of Columbia

Office Administrator
Amy Strickland

October 20, 2005

Hon. Dixie A. Morrow
Assistant United States Attorney
21 E. Garden Street, Suite 400
Pensacola, Florida 36202-5675

**VIA REG. MAIL AND VIA FAX**

RE:   United States of America vs. George Salum, III
      Case No. 2:05cr137-F

Dear Ms. Morrow:

This is a follow-up to your telephone conversation yesterday with my law clerk Mr. Sim Pettway Jr, concerning all Jenks Act material due us before trial. I understand from Mr. Pettway that you advised him that you will not turn over any Jenks Act material, and that if we had an issue with this we could appeal this matter to Judge Mark Fuller.

I enclose for you a copy of the Standing Order on Criminal Discovery in the United States District Court for the Middle District of Alabama. Please be mindful that Pre-trial production is the common practice within this district, and the trial court could grant sanctions against the government if it refuses to provide **Jenks** material.

Therefore, if we do not receive any Jenks Act material by the end of the week we will file a Motion for an Order to Show Cause (with Judge Fuller) as to Why the Pre-Trial Production of Jenks Act material should not be produced by the federal government.

In addition, Mr. Pettway informed me that he talked with you about a possible plea deal for our client under the Federal Sentencing Guidelines Rule 11(C)(1)(C). We are willing to discuss that with our client, but, to have a meaningful discussion, we need to know the specifics of the terms you are offering.

At this time we would be interested in hearing what you have to offer our client as a plea deal under the Federal Sentencing Guideline 11(C)(1)(C).

If you have any further questions please call me at (334) 262-1911.

Sincerely,

Julian L. McPhillips

JLMcP/scp

unsaved:///newpage3.htm
Page 1 of 3
Case 2:05-cr-00137-MEF-SRW    Document 52-2    Filed 10/21/2005    Page 3 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

CR. MISC. #534

## STANDING ORDER ON CRIMINAL DISCOVERY

It is the court's policy to rely on the standard discovery procedure as set forth in this Order as the sole means of the exchange of discovery in criminal cases except in extraordinary circumstances. This Order is intended to promote the efficient exchange of discovery without altering the rights and obligations of the parties, but at the same time eliminating the practice of routinely filing perfunctory and duplicative discovery motions.

**INITIAL DISCLOSURES**:

(1) **Disclosure by the Government**. At arraignment, or on a date otherwise set by the court for good cause shown, the government shall tender to defendant the following:

(A) Fed. R. Crim. P. 16(a) Information. All discoverable information within the scope of Rule 16(a) of the Federal Rules of Criminal Procedure.

(B) Brady Material. All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, without regard to materiality, within the scope of Brady v. Maryland, 373 U.S. 83 (1963).

(C) Giglio Material. The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972).

(D) Testifying informant's convictions. A record of prior convictions of any alleged informant who will testify for the government at trial.

(E) Defendant's identification. If a line-up, show-up, photo spread or similar, procedure was used in attempting to identify the defendant, the exact procedure and participants shall be described and the results, together with any pictures, and photographs, shall be disclosed.,

(F) Inspection of vehicles, vessels, or aircraft. If any vehicle, vessel, or aircraft, was allegedly utilized in the commission of any offenses charged, the government shall permit the defendant's counsel and any expert selected by the defense to inspect it, if it is in the custody of any governmental authority.

(G) Defendant's latent prints. If latent fingerprints, or prints of any type, have been, identified by a government expert as those of the defendant, copies thereof shall be provided.

(H) Fed. R. Evid.404(b). The government shall advise the defendant of its intention to introduce evidence in its case in chief at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence.

(I) Electronic Surveillance Information. If the defendant was an aggrieved person as defined in 18 U.S.C. § 2510(11), the government shall so advise the defendant and set forth the detailed circumstances thereof.

unsaved:///newpage3.htm
Page 2 of 3
Case 2:05-cr-00137-MEF-SRW   Document 52-2   Filed 10/21/2005   Page 4 of 5

(2) **Obligations of the Government**.

(A) The government shall anticipate the need for, and arrange for the transcription of the grand jury testimony of all witnesses who will testify in the government's case in chief, if subject to Fed. R. Crim. P. 26.2 and 18 U.S.C. § 3500. Jencks Act materials and witnesses' statements shall be provided as required by Fed. R. CRIM. P. 26.2 and 18 U.S.C. § 3500. However, the government, and where applicable, the defendant, are requested to make such materials and statements available to the other party sufficiently in advance as to avoid any delays or interruptions at trial. The court suggests an early disclosure of Jencks Act materials.,

(B) The government shall advise all government agents and officers involved in the case to preserve all rough notes.

(C) The identification and production of all discoverable evidence or information is the personal responsibility of the Assistant United States Attorney assigned to the case and may not be delegated without the express permission of the court.

(3) **Disclosures to U.S. Probation**. At arraignment, or on a date otherwise designated by the court upon good cause shown, the government shall tender to the U.S. Probation Office all essential information needed by U.S. Probation to accurately calculate the sentencing guideline range for the defendant, including, but not limited to, information regarding the nature of the offense (offense level), the nature of the victim and the injury sustained by the victim, defendant's role in the offense, whether defendant obstructed justice in the commission of the crime, defendant's criminal history, and any information regarding defendant's status as a career offender/armed career criminal. In addition, in order to comply with the requirements of the Anti-Terrorism Act, the government shall produce to the U.S. Probation Office information regarding the victims of defendant's alleged criminal activity, including, but not limited to, the identity of the victim by name, address, and phone number, and the nature and extent of the victim's loss or injury.

(4) Disclosures by the Defendant. If defendant accepts or requests disclosure of discoverable information pursuant to Fed. R. CRIM. P. 16(a)(1)(C), (D), or (E), defendant, on or before a date set by the court, shall provide to the government all discoverable information within the scope of Fed. R. Crim. P. 16(b).

**SUPPLEMENTATION**. The provisions of Fed. R. CRIM. P. 16(c) are applicable. It shall be the duty of counsel for all parties to immediately reveal to opposing counsel all newly discovered information, evidence, or other material within the scope of this Rule, and there is a continuing duty upon each attorney to disclose expeditiously.

**MOTIONS FOR DISCOVERY**. No attorney shall file a discovery motion without first conferring with opposing counsel, and no motion will be considered by the court unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel. No discovery motions shall be filed for information or material within the scope of this Rule unless it is a motion to compel, a motion for protective order or a motion for an order modifying discovery. See Fed. R. CRIM. P. 16(d). Discovery requests made pursuant to Fed. R. CRIM. P. 16 and this Order require no action on the part of this court and shall not be filed with the court, unless the party making the request desires to preserve the discovery matter for appeal.

Done this 4th day of February, 1999.

/s/ W. Harold Albritton
CHIEF UNITED STATES DISTRICT JUDGE

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

/s/ Ira De Ment
UNITED STATES DISTRICT JUDGE

Home  Directory  Rules & Procedures  Civil  Criminal  News  Jurors  FAQ  Forms  Research  Employment Opportunities
Last modified: September 07, 2000
For Comments or Suggestions About This Site Contact Webspec@almd.uscourts.gov

http://www.almd.uscourts.gov/Web%20Orders%20&%20Info/Criminal%20Discovery%...    10/20/2005