**U.S. Department of Justice**

*Gregory R. Miller*
*United States Attorney*
*Northern District of Florida*

---

*111 North Adams Street, 4th Floor*
*Tallahassee, Florida 32301-1841*
*Telephone (850)942-8430*
*Fax       (850)942-8429*
*Please reply to: [Reply to]*

*21 East Garden St*
*Pensacola, Florida 32502-5675*
*Telephone (850)444-4000*
*Fax       (850)432-7763*

*300 East University Avenue, Suite 310*
*Gainesville, Florida 32601-3330*
*Telephone (352)378-0996*
*Fax       (352)371-1912*

October 21, 2005
Julian L. McPhillips, Jr.
Attorney at Law
McPhillips Shinbaum, L.L.P.
516 South Perry Street
Montgomery, Alabama 36104

<u>**BY FACSIMILE TRANSMISSION**</u>
**HARD COPY BY U.S. MAIL DELIVERY**

Re:    United States v. George David Salum III
       Case No. 2:05cr137-F

*JENCKS ACT MATERIAL - FED. R. CRIM. P. 11(C)(1)(C)*

Dear Mr. McPhillips:

This responds to your letter dated October 20, 2005, received this morning.

I am well aware of the both the Local Rules and the Standing Order on Criminal Discovery which guide production of *Jencks Act* material. 18 U.S.C. §3500. The Standing Order specifically states, "However, the government, and where applicable, the defendant, are <u>requested</u> to make such materials and statements available to the other party sufficient in advance as to avoid any delays or interruptions at trial. The court <u>suggests</u> an early disclosure of Jencks Act materials." The Order on Arraignment further states "**the government agrees to provide defense counsel with all Jencks Act statements <u>no later than the day scheduled for the commencement of the trial</u>**."

You incorrectly summarize my conversation with your assistant, Mr. Pettway. I did **not** advise Mr. Pettway "that (I) will not turn over any Jenks (*sic*) material, and that if we had issue with this we could appeal the matter to Judge Mark Fuller." I **did** tell Mr. Pettway that I will not turn over *Jencks Act* material <u>over two weeks prior to the start of the trial</u>, and that I will turn over *Jencks Act* material <u>the day before the affected witness testifies</u>. That practice exceeds the requirements of the *Jencks Act*, which does not require the Government to deliver material to you until after direct examination of the witness, is consistent with local practice in the Middle District of Alabama, and fully complies with the orders of the Court.

Letter to Mr. McPhillips: U.S. v. Salum, 2:05cr137F
21 October 2005
Page Two of Two
_____

    You previously advised me that Mr. Salum would, under no circumstances, enter a plea to a felony offense. If you are now interested in his doing so, I will confer with the United States Attorney. I do not expect to be able to speak with the United States Attorney about a Fed.R.Crim.P. 11(c)(1)(C) plea until Monday, October 24.

                                  Sincerely,

                                  GREGORY R. MILLER
                                United States Attorney

                                DIXIE A. MORROW
                                Assistant United States Attorney


cc:    SA D. Keith Baker; USAO File