IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                          CASE NO. **2:05-CR-137-F**

**GEORGE DAVID SALUM, III**

### DEFENDANT'S MOTION IN LIMINE

COMES NOW Defendant GEORGE DAVID SALUM, III, by and through his attorney, Julian L. McPhillips, Jr., and submits this Motion in Limine to exclude certain matters from admission at trial, and as reasons states as follows.

### I. STATEMENT OF FACTS

The Defendant in this case has been charged with violating: 18 U.S.C. §1503; 18 U.S.C. §1030(a)(2)(B); 18 U.S.C. §1030(c)(2)(B)(i); and 18 U.S.C. §1030(c)(2)(B)(ii).

Trial is currently set in this matter for November 7, 2005.

### II. DISCUSSION

Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Further, even relevant evidence may be inadmissible if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

### A. Leon Carmichael

Evidence portraying Leon Carmichael as a dangerous drug dealer is wholly irrelevant to the case at hand, and would not only confuse the issues, but also greatly prejudice the Defendant. Accordingly, the Defendant requests that the following items be

excluded at trial:

    (1) Any reference to the specific allegations of wrongdoing against Leon Carmichael, to include both charged and uncharged conduct;

    (2) Any specific reference to the nature of the charges against Leon Carmichael in any criminal matter against him, in any jurisdiction, to include mention of the crimes with which Carmichael may have been charged;

    (3) Any reference to Leon Carmichael's reputation in the community.

This information is simply not relevant to the pending charges against George David Salum, and should therefore be excluded at his trial. The only relevant information is that there was a website designed to solicit information about a case, and that the photo of Raymond DeJohn was posted there.

There is a real danger that the jury will link Defendant Salum to activities in which Leon Carmichael is alleged to have been involved. In its discussion of the website, the government must be limited to mentioning that there was a website, posted to solicit information in an unrelated case, and that DeJohn's photo was posted there. Additional information about Leon Carmichael and the charges against him is likely to confuse the jury about the nature of the charges against Salum in this case.

In this case, a limiting instruction would not be adequate because of the highly prejudicial nature of the information about Carmichael. Associating Defendant Salum with a violent and dangerous drug lord would so prejudice the jury, that it is unlikely they could properly heed this Court's instructions to consider the information for a limited purpose. Therefore the government should be prohibited from any mention of the charges against Carmichael, as well as Carmichael's reputation in the community, to begin with.

Finally, any limitation placed on the government in this regard, should be extended to voir dire, for the reasons stated above.

### B. Defendant's Personnel Record

Any reference to prior disciplinary actions or allegations should be excluded at trial because Defendant Salum's work history is wholly irrelevant to the charges at hand. Further, the government should be precluded from any attempt to portray George David Salum as a rogue cop with little regard for the rules, as this would be extremely prejudicial to the Defendant.

### C. Out of Court Statements

Any prior statements allegedly made by the Defendant should be excluded at trial, especially any statements which may have been recorded surreptitiously. If the government intends to introduce any transcripts or tapes of statements made by the Defendant, then at the very least, the government should be ordered to provide the Defendant with copies of same, well in advance of trial. The days of trial by ambush are gone, and justice requires that the Defendant be permitted adequate time in which to review the evidence and prepare a defense.

The government should also be precluded from offering evidence, at trial, of any out of court statements by alleged co-conspirators, or by any witnesses who will testify at trial. Such statements are hearsay under Fed. R. Evid. 802, and are therefore not admissible. Of the well established exceptions to the hearsay rule, as set forth in Fed. R. Evid. 803 and 804, none apply to any out of court statements in the case at bar. Thus, any such statements should be excluded.

### D. 404(b) MATERIAL

The government has already stated that it will not use any 404(b) material in its case in chief. Therefore, the Court should order excluding any such evidence from evidence at trial, even if the government argues that its response to our motion was very carefully crafted, to include only evidence in its case in chief.

The clear intent of the Defendant's motion was to exclude all 404(b) evidence at trial. In the absence of an adequate response from the government, this Court should grant the Defendant's prior motion in its entirety.

### III. REQUESTED RELIEF

WHEREFORE the Defendant, George David Salum, III, requests that this Court enter an Order granting the Defendant's Motion in Limine in its entirety.

RESPECTFULLY SUBMITTED this 24th day of October, 2005,

                                                  GEORGE DAVID SALUM, III
                                                  Defendant

                                                  _____
                                                  BY: JULIAN L. McPHILLIPS, JR.
                                                  Attorney for Defendant
                                                  Alabama Bar No. MCP004
                                                  P.O. Box 64
                                                  Montgomery, AL 36101
                                                  (334) 262-1911

OF COUNSEL:
McPHILLIPS, SHINBAUM, L.L.P.
516 S. Perry Street
Montgomery, AL 36104
(334) 262-1911

### CERTIFICATE OF SERVICE

I certify that, on this date, I have served a copy of the foregoing upon the Government by electronic filing, and by mailing an additional courtesy copy of same to the Government's attorneys at the addresses below:

    Dixie A. Morrow

Assistant United States Attorney
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, FL 32502

                                                                                              _____
                                                                                              JULIAN L. McPHILLIPS, JR.
                                                                                              Attorney for Defendant