IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM NO. **2:05cr137-F** |
| | ) | |
| **GEORGE DAVID SALUM III** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

COMES NOW the United States of America, by and through its attorneys, Gregory R. Miller, United States Attorney for the Northern District of Florida, and the undersigned Assistant United States Attorney and files this response in opposition to Defendant's Motion in Limine (Doc. 53, 54).

**Argument**

This response uses the alphabetical designations assigned in the defendant's motion.

**A.  Leon Carmichael**

The United States does not intend to introduce "evidence portraying Leon Carmichael as a dangerous drug dealer." (Doc. 53, 54 at p. 1). However, as the indictment specifically addresses the factual context of the alleged crimes, the government must be permitted to prove that context. (Doc. 1).

(1)  It is difficult for the United States to respond to a motion in limine which indefinitely seeks to exclude "any reference to the specific allegations of wrongdoing against Leon Carmichael, to include both charged and uncharged conduct." (Doc. 53 at p. 2, emphasis added). The federal charges against Leon Carmichael in Crim. No. 2:03-cr-259-T are alleged, are part of the proof required for Count 1 (18 U.S.C. § 1503), and are relevant to the trial of the instant case. The United States will introduce evidence regarding the fact of the indictment

which was pending against Leon Carmichael at the time of the defendant's alleged conduct, as well as David DeJohn's association with that pending criminal prosecution. The United States will not introduce evidence regarding any other "allegations of wrongdoing against Leon Carmichael." (Doc. 53 at p. 2).

(2) As answered in item (1), the nature of the charges against Leon Carmichael in Crim. No. 2:03-cr-259-T is relevant to the instant prosecution. The United States does not intend to introduce evidence regarding the existence or nature of charges in "any (other) criminal matter . . . in any jurisdiction" involving Leon Carmichael. (Doc. 53 at p.2).

(3) The United States does not intend to adduce evidence regarding "Leon Carmichael's reputation in the community." Fed. R. Evid. 401; 404(a); 405.

**B.     Defendant's Personnel Record**

The United States agrees to some extent that the "defendant's work history" is irrelevant to both the prosecution and defense of the instant charges. (Doc. 53 at p. 3). Fed. R. Evid. 401. The fact that the defendant was employed by the Montgomery Police Department was alleged in the indictment and the government must be permitted to prove that employment. Additionally, information regarding the defendant's knowledge of and agreement to abide by the rules pertaining to the authorized access and use of NCIC/ACJIS by the Montgomery Police Department is relevant. (Doc. 1). However, barring some act on the defendant's part making other information contained in the defendant's personnel record relevant, the United States does not intend to introduce the defendant's Montgomery Police Department personnel record in its case-in-chief. If any portion of that record is made relevant during trial, for example, in rebuttal to testimony of the defendant, the United States will advise the Court before seeking to introduce

any document from that record.

Contrary to the defendant's assertion, there is no "real danger the jury will link Defendant Salum to activities in which Leon Carmichael is alleged to have been involved." (Doc. 53 at p. 2). The United States has no intention of portraying Leon Carmichael as "a violent and dangerous drug lord," or associating the defendant directly with Leon Carmichael, the individual, or with any narcotics activities in which Leon Carmichael engaged. (Doc. 53 at p. 2). Moreover, in order to insure a fair and impartial jury, this Court must necessarily tell the venire members about the *Carmichael* case in order to determine whether any members know anything about that case and are affected thereby.

This Court can easily deliver a limiting instruction regarding the limited purpose for which the existence of the then-pending criminal prosecution of *United States v. United States v. Leon Carmichael, Sr., also known as Beaver Leon Carmichael, and Freddie Williams*, Crim. No. 2:03-cr-259-T was admitted. In short, there is no "undue prejudice" created by the existence of charges against Leon Carmichael that the Court cannot cure with limiting instructions.

**C.    Out of Court Statements**

The law does not support exclusion of "<u>any</u> prior statements allegedly made by the Defendant" at trial. (Doc. 53 at p. 3, emphasis added). First, the United States is aware of its duty to disclose electronic surveillance involving the defendant in discovery. There are no recorded statements of the defendant within the knowledge and possession of the United States, surreptitious or otherwise.

Second, the law permits the introduction of statements which the defendant made to his co-conspirator, Johnny G. White, Jr. and to the officers within the Montgomery Police

Department whom the defendant directed to supply to the defendant DeJohn's photograph and personnel file, and the NCIC/ACJIS information concerning government witnesses. These statements are, by definition, not hearsay and do not require exclusion. *See* Fed. R. Evid. 802(d)(2).

    **D.**    **404(b) Material**

    The United States is aware of the requirement that the government provide pre-trial notice to the defendant of its intent to introduce evidence pursuant to Fed. R. Evid. 404(b). The United States has twice notified the defendant that the United States does not intend to tender Fed. R. Evid. 404(b) evidence – both before and after the defendant made a formal demand for notice. (Doc. 33, 41). As a result, United States Magistrate Judge Boyd denied the defendant's Motion Pursuant to F.R.E. 404(B) for Notice by the Government of its Intention to Rely Upon Other Crimes, Wrongs, Acts and Misconduct Evidence (Doc. 41) as moot (Doc. 48). Nothing has changed: there is no valid basis for urging this Court to issue "an order excluding any such evidence at trial." (Doc. 53 at p. 5).

**Requested Relief**

WHEREFORE, the United States requests that the Court deny the defendant's motion to in limine.

RESPECTFULLY SUBMITTED this **27th** day of October, 2005.

GREGORY R. MILLER
United States Attorney

**/s/Dixie A. Morrow**
DIXIE A. MORROW
Assistant United States Attorney
Florida Bar No. 0354589
Georgia Bar No. 525543
Texas Bar No. 24034796
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE upon the defendant by electronic filing with and noticing by the Clerk of Court, and by mailing an additional courtesy copy of same to the defendant's counsel of record: Julian L. McPhillips, Jr., McPHILLIPS SHINBAUM LLP, Post Office Box 64, Montgomery, Alabama 36101.

THIS **27th** day of October, 2005.

**/s/Dixie A. Morrow**
DIXIE A. MORROW
Assistant United States Attorney
Florida Bar No. 0354589
Georgia Bar No. 525543
Texas Bar No. 24034796
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000
