IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. **2:05-CR-137-F** |
| ) | |
| **GEORGE DAVID SALUM, III** ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

COMES NOW the Defendant, George David Salum, by and through his attorney, Julian L. McPhillips, Jr., and submits the following proposed jury instructions for trial.

## I. PRELIMINARY INSTRUCTIONS

The Defendant requests that the Court administer the preliminary instructions, set forth in **Exhibit A**, attached hereto and incorporated herein by reference. Closely patterned after Eleventh Circuit Pattern Jury Instruction 1.2, any variations from the pattern instruction are indicated in boldface print.

## OFFENSE INSTRUCTIONS

The Defendant also requests that the Court administer the attached offense instructions for 18 U.S.C. §1503 Obstruction of Justice and 18 U.S.C. §1030 Computer Fraud, attached hereto as **Exhibit B** and **Exhibit C**, respectively.

The instruction for the §1503 obstruction of justice charge is based on Pattern Offense Instructions 46.1 and 46.2, which both deal with jurors. The Seventh Circuit has approved the following instruction for use when the omnibus provision of §1503 is used. This instruction states in relevant part that:

> To sustain the charge of obstruction of justice, the government must prove the following propositions:

1

First, that the defendant [influenced, obstructed, impeded] or endeavored to [influence, instruct or impede] the due administration of justice;

Second, that the defendant acted knowingly; and

Third, that the defendant's acts were done [corruptly], that is, [by threats, by force, by threatening letter or communication] with the purpose of wrongfully impeding the due administration of justice. <u>Pattern Federal Criminal Jury Instructions for the Seventh Circuit</u>, 227.

The Defendant's proposed §1503 offense instruction incorporated portions of the Seventh Circuit pattern instruction, into the corresponding Eleventh Circuit instruction. See **Exhibit B**.

The instruction for the §1030 computer charge is based on Pattern Offense Instruction 36.2, <u>Computer Fraud Obtaining Financial Information under 18 U.S.C. §1030(a)</u>, but modified to accurately reflect the specific charges pending against this Defendant. See **Exhibit C**.

We request that these offense instructions be read to the jury not only when charged, but also at the outset of trial, so that the jury is adequately informed as to the elements of the offenses for which the Defendant has been charged.

## SPECIAL INSTRUCTIONS

The Defendant requests the following special instructions, to help the jury understand certain issues, which are likely to arise in this case:

Special Instruction 1.1 – Accomplice – Informer – Immunity, **Exhibit D**;

Special Instruction 7 – Aiding and Abetting (Agency), **Exhibit E**; and

Special Instruction 11 – Character Evidence, **Exhibit F**.

## BASIC INSTRUCTIONS

The Defendant requests the basic instructions set forth in **Exhibit G**, namely 1, 2.2, 3, 5, 6.1, 6.2*, 6.7, 9.1, 11 and 12. Basic Instruction 6.2 has been supplemented with the paragraph from 6.6, that a defendant does not have to testify.

WHEREFORE, the Defendant respectfully requests the attached instructions be presented to the jury ultimately seated in this matter.

RESPECTFULLY SUBMITTED this 31st day of October 2005.

GEORGE DAVID SALUM, III
Defendant

/s/ Julian L. McPhillips, Jr.
JULIAN L. McPHILLIPS, JR.
Attorney for the Defendant
Alabama Bar No. MCP004
McPhillips Shinbaum, LLP
Post Office Box 64
Montgomery, Alabama 36104
(334) 262-1911

## CERTIFICATE OF SERVICE

I hereby certify that on this date, October 31, 2005, I served a copy of the foregoing upon the Government by electronic filing with the Clerk of this Court, and by mailing an additional courtesy copy to the following address:

Dixie A. Morrow
Assistant United States Attorney
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502

/s/ Julian L. McPhillips, Jr.
JULIAN L. McPHILLIPS, JR.
Attorney for the Defendant

## EXHIBIT A

Trial Instruction 1.2
### Preliminary Instructions Before Opening Statements

Members of the Jury:

You have now been sworn as the jury to try this case and I would like to give you some preliminary instructions at this time.

By your verdicts you will decide the disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate together and decide the case at the end of the trial, I will then instruct you again on the rules of law that you must follow and apply in reaching your decision.

Because you will be called upon to decide the facts of the case you should give careful attention to the testimony and evidence presented for your consideration during the trial, but you should keep an open mind and should not form or state any opinion about the case one way or the other until you have heard all of the evidence and have had the benefit of the closing arguments of the lawyers as well as my instructions to you on the applicable law.

During the trial you must not discuss the case in any manner among yourselves or with anyone else, and you must not permit anyone to attempt to discuss it with you or in your presence; and, insofar as the lawyers are concerned, as well as others whom you may come to recognize as having some connection with the case, you are instructed that, in order to avoid even the appearance of impropriety, you should have no conversation whatever with those persons while you are serving on the jury.

You must also avoid reading any newspaper articles that might be published about the case now that the trial has begun, and you must also avoid listening to or observing any broadcast news program on either television or radio because of the possibility that some mention might be made of the case during such a broadcast now that the trial is in progress.

The reason for these cautions, of course, lies in the fact that it will be your duty to decide this case only on the basis of

the testimony and evidence presented during the trial without consideration of any other matters whatever.

From time to time during the trial I may be called upon to make rulings of law on motions or objections made by the lawyers. You should not infer or conclude from any ruling I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by the witness, you should not speculate on what answer might have been given, nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing concerning questions of law or procedure that require consideration by the Court alone. On some occasions you may be excused from the courtroom as a convenience to you and to us while I discuss such matters with the lawyers. I will try to limit such interruptions as much as possible, but you should remember at all times the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

In that regard, as you were told during the process of your selection, we expect the case to last four days, but I will make every effort to expedite the trial whenever possible.

Now, in order that you might better understand at the beginning of the case the nature of the decisions you will be asked to make and how you should go about making them, I would like to give you some preliminary instructions at this time concerning some of the rules of law that will apply.

Of course, the preliminary instructions I will give you now will not cover all of the rules of law applicable to this case. As stated before, I will instruct you fully at the end of the trial just before you retire to deliberate upon your verdicts, and will probably restate at that time some of the rules I want to tell you about now. In any event, you should not single out any one instruction alone as stating the law, but should consider all of my instructions as a whole.

<u>Presumption of Innocence</u>. As you were told during the process of your selection, an indictment in a criminal case is merely the accusatory paper which states the charge or

charges to be determined at the trial, but it is not evidence against the Defendant or anyone else. Indeed, the Defendant has entered a plea of Not Guilty and is presumed by the law to be innocent. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Burden of Proof. Proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

Order of Proof – Defendant's Right Not To Testify. Because the Government has the burden of proof it will go forward and present its testimony and evidence first. After the Government finishes or "rests" what we call its "case in chief," the Defendant may call witnesses and present evidence if he wishes to do so. However, you will remember that the law does not require a Defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a Defendant not to testify in the event he should so elect.

Credibility Of The Witnesses. As you listen to the testimony you should remember that you will be the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In deciding whether you believe or disbelieve any witness you should consider his or her relationship to the Government or to the Defendant; the interest, if any, of the witness in the outcome of the case; his or her manner of testifying; the opportunity of the witness to observe or acquire knowledge concerning the facts about which he or she testified; the candor, fairness and intelligence of the witness; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Trial Transcripts Not Available. You will notice that the Court Reporter is making a complete stenographic record of all that is said during the trial, including the testimony of the witnesses, in case it should become necessary at a future date to prepare printed transcripts of any portion of the trial proceedings. Such transcripts, however, if prepared at all, will not be printed in sufficient time or

appropriate form for your review during your deliberations, and you should not expect to receive any transcripts. You will be required to rely upon your own individual and collective memory concerning what the testimony was.

Exhibits Will Be Available. On the other hand, any papers and other tangible exhibits received in evidence during the trial will be available to you for study during your deliberations. On some occasions, during the trial, exhibits may be handed to you for brief inspection there in the Jury box; others will not be shown to you. But do not be concerned because, as I said, you will get to see and inspect at the end of the case all of the exhibits that are received in evidence.

Notetaking – Permitted. Because transcripts will not be available, you will be permitted to take notes during the trial if you want to do so, and the Clerk will provide notebooks and pens or pencils for each of you. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, be careful not to get so involved in notetaking that you become distracted from the ongoing proceedings. Don't try to summarize all of the testimony. Instead, limit your notetaking to specific items of information that might be difficult to remember later such as dates, times, amounts, measurements or identities and relationships. But remember that you must decide upon the credibility or believability of each witness, and you must therefore observe the demeanor and appearance of each witness while testifying. Notetaking must not distract you from that task.

Also your notes should be used only as aids to your memory; and, whether you take notes or not, you should rely upon your own independent recollection or memory of what the testimony was and should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror as to what the testimony was.

Notetaking – Not Permitted. A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

7

The desire to take notes is perfectly natural, especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors not take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in notetaking and may not wish to do so.

<u>Instructions On The Law Governing Substantive Offenses</u>. The indictment also charges certain so-called "substantive offenses," namely:

    (1) Obstruction of Justice; and

    (2) Computer Fraud.

In order to establish that offense the Government must prove beyond a reasonable doubt each of the following essential elements:

[Quote essential elements of the offense as set forth in the appropriate Offense Instruction.]

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully, " as that term has been used in these instructions, means that the act was committed voluntarily and purposely with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

<u>Conclusion</u>. Now, we will begin the trial at this time by affording the lawyers for each side an opportunity to make opening statements to you in which they may explain the issues in the case and summarize the facts they expect the evidence will show. After all the testimony and evidence has been presented, the lawyers will then be given another opportunity to address you at the end of the trial and make their summations or final arguments in the case.

The statements that the lawyers make now, as well as the arguments they present to you at the end of the trial, are not to be considered by you either as evidence in the case

(which comes only from the witnesses and exhibits), or as your instruction on the law (which will come only from me). Nevertheless, these statements or arguments are intended to help you understand the evidence as it comes in, the issues or disputes you will be called upon to decide, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them in turn for the purpose of making an opening statement.

## EXHIBIT B

Offense Instruction
## Obstruction of Justice

Title 18, United States Code, Section 1503, makes it a Federal crime or offense for anyone to corruptly endeavor to influence, obstruct or impede, the due administration of justice in any Federal Court.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the person described in the indictment was a witness in this Court as alleged;

Second: That the Defendant endeavored to influence, intimidate or impede such person in the discharge of his duty as a witness, in the manner set forth in the indictment; and

Third: That the Defendant's acts were done knowingly and corruptly and willingly.

To endeavor to "influence, intimidate or impede" a witness means to take some action for the purpose of swaying or changing or preventing the witness' performance of his duty. However, it is not necessary for the Government to prove that the witness was in fact swayed or changed or prevented in any way, only that the Defendant corruptly attempted to do so.

To "intimidate" someone means to intentionally say or do something that would cause a person of ordinary sensibilities to be fearful of bodily harm.

To act "corruptly" means to act knowingly and dishonestly with the specific intent to subvert or undermine the integrity of the court proceeding in which the witness was to testify.

10

## EXHIBIT C

Offense Instruction
**Computer Fraud**

Title 18, United States Code, Section 1030(a)(2)(B) makes it a Federal crime or offense for anyone to intentionally access a computer in excess of authorized access and thereby obtain information from any department or agency of the United States.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant intentionally accessed a computer in excess of the Defendant's authorization;

Second: That the Defendant thereby obtained information from any department or agency of the United States; and

Third: That (i) the offense was committed for purposes of commercial advantage or private financial gain; or (ii) the offense was committed in furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

This section does not prohibit any lawfully authorized investigative, protective, or intelligence activity of the Montgomery Police Department. 18 U.S.C. §1030(f).

The term "exceeds authorized access" means to access a computer with authorization, and to use such access to obtain information in the computer that the accesser is not entitled to obtain.

## EXHIBIT D

Special Instruction 1.1
**Accomplice – Informer – Immunity**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**EXHIBIT E**

Special Instruction 7
**Aiding and Abetting (Agency)**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.
However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## EXHIBIT F

Special Instruction 11
### Character Evidence

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

## EXHIBIT G

Basic Instruction 1
### Introduction

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

Basic Instruction 2.2
### Duty to Follow Instructions – Presumption of Innocense
(When Any Defendant Does Not Testify)

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Basic Instruction 3
**Definition of Reasonable Doubt**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

Basic Instruction 5
**Credibility of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Basic Instruction 6.1
**Impeachment – Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Basic Instruction
**Impeachment – Inconsistent Statement and Felony Conviction**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has

to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

Basic Instruction 6.7
**Bad Reputation (or Opinion) Concerning Truthfulness**

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have an unfavorable opinion of the truthfulness of the witness.

You may consider those matters also in deciding whether to believe or disbelieve such a witness.

Basic Instruction 9.1
**On or About – Knowingly - Willfully**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

Basic Instruction 11
**Duty to Deliberate**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Basic Instruction 12
**Verdict**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.