IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  CASE NO. **2:05-CR-137-F** |
| | ) |
| **GEORGE DAVID SALUM, III** | ) |

### DEFENDANT'S MOTION TO CONDUCT VOIR DIRE

COMES NOW the Defendant, George David Salum, III, by and through his attorney, Julian L. McPhillips, Jr., and respectfully moves this court for permission for his attorneys to conduct voir dire personally, in addition to any examination by the Court.

1. The right to examine potential jurors is an inherent right, necessary to intelligently exercise challenges. It is beyond dispute that personal liberty trumps judicial efficiency in our United States.

2. Perhaps the jury selection in this case could be accomplished more conveniently by examination by the Court alone, but the Framers of the United States Constitution foreswore this sort of convenience in order to preserve freedom.

> The choices we discern as having been made in the Constitutional Convention impose burdens on governmental processes that often seem clumsy, inefficient, even unworkable, but those hard choices were consciously made by men who had lived under a form of government that permitted arbitrary governmental acts to go unchecked. . . . With all the obvious flaws of delay [and] untidiness . . . , we have not yet found a better way to preserve freedom than by making the exercise of power subject to the carefully crafted restraints spelled out in the Constitution."
> INS v. Chadha, 462 U.S. 919, 959 (1983).
>
> The fact that a given law or procedure is efficient, convenient, and useful in facilitating functions of government, standing alone, will not save it if it is contrary to the Constitution. Convenience and efficiency are not the

primary objectives -- or the hallmarks -- of democratic government. <u>INS v. Chadha</u>, 462 U.S. 919, 944 (1983).

Although the <u>Chadha</u> case is about deportation, the principals explained by the Court clearly also apply to this case, where the Defendant's personal liberty is at stake.

**3. Jury selection is a very important, if not the <u>most</u> important, part of any trial.** Justice requires that this Court grant the undersigned an opportunity to personally examine potential jurors, as a critical part of his representation of the Defendant.

**6. Personal voir dire is more likely to reveal "body language" and behavioral responses, reflective of the truth of a juror's responses, and is also more likely to reveal whether a prospective juror has an affinity for, or an aversion to, the attorneys for the respective parties.** As stated above, this unspoken information is crucial to exercising challenges intelligently, and has significant, direct bearing on the rest of the case.

WHEREFORE, the Defendant respectfully requests that his attorneys be permitted to examine prospective jurors personally, in addition to any examination by the Court.

RESPECTFULLY SUBMITTED this 31st day of October 2005.

    GEORGE DAVID SALUM, III
    Defendant

    /s/ Julian L. McPhillips, Jr.
    JULIAN L. McPHILLIPS, JR.
    Attorney for the Defendant
    Alabama Bar No. MCP004
    McPhillips Shinbaum, LLP
    Post Office Box 64
    Montgomery, Alabama 36104
    (334) 262-1911

## CERTIFICATE OF SERVICE

I hereby certify that on this date, October 31, 2005, I served a copy of the foregoing upon the Government by electronic filing with the Clerk of this Court, and by mailing an additional courtesy copy to the following address:

> Dixie A. Morrow
> Assistant United States Attorney
> Northern District of Florida
> 21 E. Garden Street, Suite 400
> Pensacola, Florida 32502

>> /s/ Julian L. McPhillips, Jr.
>> JULIAN L. McPHILLIPS, JR.
>> Attorney for the Defendant