UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA

-vs-                                    CASE NO. 2:05-cr-137-F

GEORGE DAVID SALUM III

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow

and apply in deciding this case.  When I have finished you will go to the jury

room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved

beyond a reasonable doubt the specific facts necessary to find the Defendant

guilty of the crime charged in the indictment.

### Duty to Follow Instructions Presumption of Innocence

You must make your decision only on the basis of the testimony and

other evidence presented here during the trial; and you must not be

influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

## Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common

2

sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

### Consideration of the Evidence, Direct and Circumstantial - - Argument of Counsel Comments by the Court

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual

3

knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## Stipulation/Judicial Notice

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

## Character Evidence

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved

4

beyond a reasonable doubt that the Defendant committed the crime charged.

## Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

## Impeachment Inconsistent Statement And Felony Conviction

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or,

5

whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.    So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### Good Reputation (Or Opinion) Concerning Truthfulness

There may also be evidence tending to show that a witness has a good reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a favorable opinion of the truthfulness of the witness.

You may consider those matters also in deciding whether to believe or

6

disbelieve such a witness.

## Accomplice - - Informer - - Immunity

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

## On Or About - - Knowingly - - Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not

because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

### Caution - - Punishment

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

### Obstruction Of Justice
### 18 USC § 1503 (Omnibus Clause)

Title 18, United States Code, Section 1503, makes it a Federal crime or offense for anyone corruptly to endeavor to influence, obstruct or impede the

due administration of justice.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:    That there was a proceeding pending
          before this Court as described in the
          indictment; and

Second:   That the Defendant knowingly and
          corruptly endeavored to influence,
          obstruct or impede the due administration
          of justice in that judicial proceeding as
          charged.

To "endeavor" means to strive or to attempt to accomplish a goal or a result; and to endeavor to "influence, obstruct or impede" the due administration of justice means to take some action for the purpose of swaying or changing, or preventing or thwarting in some way any of the actions likely to be taken in the judicial proceeding involved.

To act "corruptly" means to act knowingly and dishonestly with the specific intent to influence, obstruct or impede the due administration of justice.

While it must be proved that the Defendant corruptly endeavored to influence, obstruct or impede the due administration of justice as charged, and that the natural and probable effect of the Defendant's acts would be to influence, obstruct or impede the due administration of justice, it is not

9

necessary for the Government to prove that the judicial proceeding was in fact influenced or obstructed or impeded in any way.

### Computer Fraud
### 18 U.S.C. § 1030

Title 18, United States Code, Section 1030 makes it a Federal crime or offense for anyone to intentionally access a computer without authorization or in excess of authorized access and thereby obtain information from any department or agency of the United States.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

> First:  That the Defendant intentionally accessed a computer without authorization or in excess of the Defendant's authorization; and
>
> Second:  That the Defendant thereby obtained information from any department or agency of the United States; and
>
> Third:  The offense was committed for purposes of private financial gain or in furtherance of any criminal or tortious act.

The term "computer" means an electric, magnetic, optical, electrochemical, or other high speed data processing device performing

logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

The term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter.

A "criminal or tortious act" would include access to the NCIC computer database in order to obtain criminal history and background information for unauthorized disclosure in violation of State and Federal regulations and laws.

## Aiding And Abetting
## 18 USC § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that

person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## Verdict as to Defendant Only

You are here as jurors to determine the guilt or innocence of the defendant as charged in the Indictment from the evidence presented during the trial of this case and received as to the defendant. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons who you think might also be guilty but are not charged in the Indictment.

So if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant, you should so find, even though you might believe that one or more other persons who are not charged in the Indictment

might also be guilty. But if any reasonable doubt remains in your mind as to the guilt of the defendant after an impartial consideration of all of the evidence received as to the defendant during the trial of the case, you should and must acquit the defendant.

Also any suggestion of possible involvement of the defendant in any other matters which are not charged against him in the Indictment should not be considered by you while you're in the jury room deliberating.

## Notetaking

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

## Duty To Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must

13

be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Verdict

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict form]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict

14

form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

DONE this _10th_ day of November, 2005.

MARK E. FULLER
CHIEF UNITED STATES DISTRICT JUDGE