IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM NO. **2:05cr137-F** |
| | ) | |
| **GEORGE DAVID SALUM III** | ) | |

### GOVERNMENT'S MOTION TO SEAL DEFENDANT'S MOTION
### FOR ACQUITTAL OR FOR NEW TRIAL

COMES NOW the United States of America, by and through its attorneys, Gregory R. Miller, United States Attorney for the Northern District of Florida, and the undersigned Assistant United States Attorney, and files this Motion to Seal Defendant's Motion for Acquittal or For New Trial.

### Summary of Facts

**1.**

On November 17, 2005, Counsel for Defendant electronically filed Defendant's Motion For Acquittal or For New Trial (Doc. 95). In footnote 1 at page 8 thereof, he identified each of the trial jurors by name, hometown, and driving distances from their hometowns to the United States District Court in Montgomery, Alabama. *Id.*

**2.**

Prior to impanelment, each juror was required to complete the Court's "Jury Questionnaire." In so doing, each juror was advised, "This information will be kept strictly confidential." *Juror Information, "Information for Trial Jurors Serving in the Federal Courts,* at p. 1. In addition, each juror was advised, "After the jurors return their verdict and are dismissed by the judge, they are free to go about their normal affairs. Jurors are under no obligation to speak to any person about the case and may refuse all requests for interviews or

comments." *Id.,* "After the Trial."

**3.**

In its charge, this Court instructed the trial jury that their "deliberations will be secret; you will never have to explain your verdict to anyone." (Doc. 91 at p. 14).

**4.**

Local Criminal Rule 24.1 prohibits post-verdict interrogation of jurors. M.D. Ala. LR 47.1.

**5.**

Despite the fact that all members of the venire announced their names and hometowns during voir dire on November 7, 2005, until the filing of the Defendant's Motion (Doc. 95), the names and hometowns of the individual jurors in this case did not appear in any unsealed document of the trial proceedings, or in any on air or published news account of the trial.

## Argument

There was absolutely no legitimate basis for naming the trial jurors in the defendant's motion (Doc. 95, fn 1 at p. 8). Counsel for Defendant not only specifically identified the trial jurors, he did so in the context of claiming that they had been coerced into voting their unanimous verdicts of guilt. *Id.* at pp. 6-10.

As the venire was counseled,

> The performance of jury service is the fulfillment of a high civic obligation. Conscientious service brings its own reward in the satisfaction of an important task well done. There is no more valuable work that the average citizen can perform in support of our Government than the full and honest discharge of jury duty. The

2

> effectiveness of the democratic system itself is largely measured by the integrity, the intelligence, and the general quality of citizenship of the jurors who serve in our courts.

*Juror Information, supra* at p. 11.  It is an outrage that Counsel for Defendant not only accused the trial jurors of acting contrary to their oaths,[1] but that he did so by naming each of them individually in a publicly accessible document in a proceeding which has attracted continuing media interest.[2]  *See, e.g.* Doc. 74.  Counsel for Defendant did not attack the "institutional" trial jury: he directly accused these citizens, by name, of an unforgivable breach of integrity.  They had reason to expect otherwise, and every citizen of the Middle District of Alabama summonsed and impaneled to serve as federal jurors has reason to expect otherwise.

### Requested Relief

WHEREFORE, the United States requests that the Court SEAL the defendant's motion.

RESPECTFULLY SUBMITTED this **22nd** day of November, 2005.

>GREGORY R. MILLER
>United States Attorney
>
>**/s/Dixie A. Morrow**
>DIXIE A. MORROW
>Assistant United States Attorney
>Florida Bar No. 0354589
>Georgia Bar No. 525543
>Texas Bar No. 24034796
>Northern District of Florida
>21 E. Garden Street, Suite 400
>Pensacola, Florida 32502
>(850) 444-4000

---

[1] The lack of merit of the defendant's coercion argument is separately addressed in the Government's Response to Defendant's Motion for Acquittal or for a New Trial.

[2] The United States respectfully defers to the judgment of the Court to determine whether the Court should exercise its inherent authority to sanction this conduct.

CERTIFICATE OF SERVICE

     I hereby certify that I have this date served a copy of the foregoing GOVERNMENT'S MOTION TO SEAL DEFENDANT'S MOTION FOR ACQUITTAL OR FOR NEW TRIAL upon the defendant by electronic filing with and noticing thereby the Clerk of Court to the defendant's counsel of record: Julian L. McPhillips, Jr., McPHILLIPS SHINBAUM LLP, Post Office Box 64, Montgomery, Alabama 36101.

     THIS **22nd** day of November, 2005.

                                               **/s/Dixie A. Morrow**
                                               DIXIE A. MORROW
                                               Assistant United States Attorney
                                               Florida Bar No. 0354589
                                               Georgia Bar No. 525543
                                               Texas Bar No. 24034796
                                               Northern District of Florida
                                               21 E. Garden Street, Suite 400
                                               Pensacola, Florida 32502
                                               (850) 444-4000