IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:05-cr-137-F |
| | ) | |
| GEORGE DAVID SALUM, III | ) | |

# **O R D E R**

This matter is before the Court on Defendant's Motion for Acquittal or for a New Trial (Doc. # 95) and Defendant's Amended Motion for Acquittal or for a New Trial (Doc. # 98). The Court has carefully considered the grounds set forth in these motions and the Government's opposition to these motions (Doc. # 100). For the reasons stated herein, Defendant's motions are due to be **DENIED**.

## BACKGROUND

On November 10, 2005, the defendant was convicted of two counts brought against him in the Indictment: (1) corruptly influencing, obstructing, impeding or endeavoring to corruptly influence, obstruct, or impede the due administration of justice in violation of 18 U.S.C. §§ 1503 and 2 and (2) unauthorized use of computer to access to government agency or department and use of information from access for financial gain or in furtherance of criminal or tortious acts in violation of 18 U.S.C. §§ 1030(a)(2)(B), 1030(c)(2)(B)(i) and (ii), and 2. The jury reached its unanimous verdict after hearing testimony on November 8, 9, and 10, 2005. On November 17, 2005, the defendant filed Defendant's Motion for Acquittal or

for a New Trial (Doc. # 95). On November 28, 2005, Defendant filed the Defendant's Amended Motion for Acquittal or for a New Trial (Doc. # 98). Defendant attacks his convictions on eleven different specified grounds. The Government has filed a lengthy response (Doc. # 100) to each and every ground articulated in Defendant's motions.

## MOTION FOR JUDGMENT OF ACQUITTAL

The Defendant moves for a judgment of acquittal under Federal Rule of Criminal Procedure 29 on the grounds that the evidence presented at trial was insufficient as a matter of law to sustain a conviction. At trial, Defendant moved for a "directed verdict" at the close of the Government's case and the court denied the motion. After presenting his case, defendant moved for a "directed verdict" and the court again denied that motion. By his post-trial motions, Defendant once again makes a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.

The test in considering a motion for judgment of acquittal is whether, viewing all evidence in the light most favorable to the government and drawing all reasonable inferences from the evidence and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that evidence established guilt beyond a reasonable doubt. *See United States v. O'Keefe*, 825 F.2d 314 (11th Cir. 1987). Having applied that test to the evidence presented in this case, the court has determined that the evidence was sufficient to sustain Defendant's conviction on each count in the Indictment. Accordingly, this court finds that Defendant's arguments are without merit and concludes that Defendant's request for acquittal is DENIED.

## MOTION FOR NEW TRIAL

In addition to his motions for judgment of acquittal, Defendant moves for a new trial under Federal Rule of Criminal Procedure 33. Rule 33 states "[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interests of justice." The decision whether to grant a new trial is within the sound discretion of the trial judge. *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987). However, courts should exercise "great caution" when granting new trials and new trials only should be granted in "exceptional cases." *United States v. Sieklocha*, 843 F.2d 485, 487 (11th Cir. 1988)(citations omitted).

In light of the aforementioned, the court has considered Defendant's arguments and finds that a new trial is not warranted. The court notes that Defendant's motion repeatedly misrepresents the facts presented through the evidence received at trial and events which occurred during the trial. As nothing before the court indicates that this case is "exceptional," the court finds that Defendant's request for new trial is DENIED.

## CONCLUSION

For the reasons stated above, the Defendant's Motion for Acquittal or for a New Trial (Doc. # 95) and Defendant's Amended Motion for Acquittal or for a New Trial (Doc. # 98) are DENIED.

DONE this 6th day of December, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE