IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM NO. **2:05cr137-F** |
| | ) | |
| **GEORGE DAVID SALUM III** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENSE MOTION FOR
WITHDRAWAL OF COUNSEL, APPOINTMENT OF PUBLIC DEFENDER,
AND CONTINUANCE OF SENTENCING DATE**

COMES NOW the United States of America, by and through its attorneys, Gregory R. Miler, United States Attorney for the Northern District of Florida, and the undersigned Assistant United States Attorney, and files this response to the Defense Motion, seeking this Court's order that a hearing of record be scheduled.

**Statement of Facts**

**1.**

On January 30, 2006, Counsel for Defendant filed a motion seeking to withdraw as counsel of record for the defendant, to have this Court appoint the Federal Public Defender to represent the defendant "pending retaining of alternate counsel," and to continue the sentencing scheduled for Tuesday, February 7, 2006. (Doc. 106 at p. 2).

**2.**

The basis for relief is the declaration by the defendant's attorneys that "The defendant and Counsel have developed such serious differences in strategy, concerning the sentencing hearing, that they can no longer effectively communicate with each other." (Doc. 106, para. 2 at p. 1). No affidavits from either counsel nor from the defendant accompany the motion.

**Argument**

Where a defendant seeks to switch counsel, the trial court should inquire into the nature of the conflict with the present counsel, and may consider the timeliness or untimeliness of the motion. *United States v. Calderon*, 127 F.3d 1314 (11th Cir. 1997).

The Office of the Federal Public Defender is not a resource for federal criminal defendants who are able to and have retained counsel. In preparation for the Presentence Investigation Report (PSR) disclosed by Senior United States Probation Officer Jacquelyn P. Caple on January 17, 2006, Defendant SALUM submitted a detailed financial statement and documentation supporting his financial profile. (PSR, ¶ 59 at p. 13). Consistent with M.D. Ala. LCrR 32.1(a) and Fed. R. Crim. P. 32, the specifics of that financial statement are not disclosed herein. However, based thereon, it is the position of the United States that the defendant is not indigent and does not qualify for appointment of counsel – neither an Assistant Federal Public Defender nor counsel appointed under the Criminal Justice Act. 18 U.S.C. § 3006A; M.D. Ala. LCrR 44.1.

To avoid any later complaint by Defendant SALUM, the terms of Attorney McPhillips' and Attorney Highley's fee arrangement should be inquired into of record – in particular, whether they were retained to represent the defendant "cradle to grave," including through sentencing and on appeal as they have previously represented to the United States and to this Court, and whether the defendant is voluntarily waiving their continued representation. Minimally, the defendant should be required to complete and swear to a CJA 23, "Financial Affidavit," answering on the record and under oath questions regarding his ability to pay.

Broad discretion is granted this Court on matters of continuance. *Morris v. Slappy*, 461 U.S. 1 (1983); *United States v. Vasser*, 916 F.2d 624, 627 (11th Cir. 1990). While the United States has prepared for sentencing, to include reviewing and responding to the PSR and issuing subpoenas, the United States cannot in good faith argue prejudice to the Government should the Court determine that the interest of justice requires a delay.

**Requested Relief**

WHEREFORE, in the interest of justice, the United States requests that the Court schedule a hearing on this matter before the scheduled sentencing date of February 7, 2006. Respectfully, the United States asks that the Court avoid setting a hearing or rescheduling sentencing for February 8, 2006 or February 9, 2006, on each of which dates the undersigned Assistant United States Attorney has a specialized medical procedure and consult scheduled at hospitals in Pensacola and Gulf Breeze, Florida.

RESPECTFULLY SUBMITTED this **30th** day of July, 2005.

GREGORY R. MILLER
United States Attorney

**/s/Dixie A. Morrow**
DIXIE A. MORROW
Assistant United States Attorney
Florida Bar No. 0354589
Georgia Bar No. 525543
Texas Bar No. 24034796
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

CERTIFICATE OF SERVICE

_____I hereby certify that I have this date served a copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENSE MOTION FOR WITHDRAWAL OF COUNSEL, APPOINTMENT OF THE PUBLIC DEFENDER, AND CONTINUANCE OF SENTENCING DATE upon the defendant by electronic filing with and noticing by the Clerk of Court, and by mailing an additional courtesy copy of same to the defendant's counsel of record: Julian L. McPhillips, Jr., McPHILLIPS SHINBAUM LLP, Post Office Box 64, Montgomery, Alabama 36101.  A courtesy copy has been provided to Senior United States Probation Officer Jacquelyn P. Caple.

THIS **30th** day of January, 2006.

/s/Dixie A. Morrow
DIXIE A. MORROW
Assistant United States Attorney
Florida Bar No. 0354589
Georgia Bar No. 525543
Texas Bar No. 24034796
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000