# MINUTES

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

HON.  MARK E. FULLER, PRESIDING          AT MONTGOMERY, AL

DATE COMMENCED:   2/23/07            AT:   10:25 a.m.
DATE COMPLETED:   2/23/07            AT:    3:15 p.m.

UNITED STATES OF AMERICA           §
vs.                                §     CR. NO. 2:05CR137-MEF
                                   §
GEORGE DAVID SALUM, III.           §

| GOVERNMENT | APPEARANCES: | DEFENDANT |
|---|---|---|
| Dixie A. Morrow | | Donald M. Sheehan |

COURT OFFICIALS PRESENT:

| | |
|---|---|
| David Housholder, Law Clerk | Jacquelyn Caple, USPO |
| Kelli Gregg, Courtroom Clerk | Scott Wright, USPO |
| Risa Entrekin, Court Reporter | |

COURTROOM PROCEEDINGS:

( X)  **Sentencing**

10:25 a.m. -   Court convenes.
Defense counsel Motions the Court to Seal letters and medical records regarding his client. and marked as Courts Exhibit 1.
Court will GRANT defense counsel's Motion to Seal and will mark the documents as Courts Exhibit 1.
Court hears objections regarding the pre-sentence report by both parties.
Government asks that paragraph 11 of the report be supplemented.
Defense counsel argues his position regarding paragraph 11 and asks that the report be amended.
Court sustains government's objection to paragraph 11 and orders that the additional information be added as requested by the United States.  Court sustains in part and overrules in part defendant's objection to
paragraph 11 by adding the following language - These facts are disputed by dft through his trial testimony and the trial testimony of Johnny White but this language  will have no effect on the calculation of the sentencing in this case.

|  |  |
|---|---|
|  | Government objects to paragraph 12 of the report and asks that additional language be added to this paragraph. |
|  | Defense counsel argues his position regarding paragraph 12 of the report. |
|  | Court will sustain objection to paragraph 12 and add the following language - During the course of defendants work with Johnny White, the defendant became aware that DeJohn was a DEA Agent or assigned to a DEA task force. |
|  | Defense counsel argues his objection to paragraph 16 of the report. |
|  | Government argues their position regarding paragraph 16. |
|  | Court sustains objections and will require paragraph 16 be amended with the following language - Defendant disputes amount of payments received from Johnny White and the purpose for which any money was received. |
|  | Defense counsel argues his objection to paragraph 20. |
|  | Government states their position regarding paragraph 20. |
|  | Court is satisfied that the individuals listed in paragraph 20 and they should be listed as victims and can be heard during this sentencing.  Court overrules objection. |
|  | Government argues their position regarding paragraphs 25, 33 and 38. |
|  | Defense counsel argues his position regarding paragraphs 25, 33 and 38. |
|  | Court overrules objection to the extent that defendant objects to the enhancement for obstruction of justice.  Court finds that the evidence has been presented to warrant a two point enhancement. |
|  | Defense counsel argues his position regarding objections to paragraphs 26 and 45. |
|  | Government responds to this argument of acceptance of responsibility. |
|  | Court finds that defendant has not truthfully admitted his conduct regarding conviction and is not entitled to any reduction for acceptance of responsibility.  Court overrules objections to 26 and 45. |
|  | Defense counsel withdraws objection to paragraph 27. |
|  | Defense counsel argues his position to paragraph 28. |
|  | No objection by the Government. |
|  | Court will apply  USSG 2J1.2(c)(1) cross reference and overrules defense counsel's objection. |
|  | Defense counsel argues his objections to paragraphs 31 and 36. |
|  | Government responds to arguments made regarding paragraphs 31 and 36. |
|  | Court overrules defendant's objections and will apply enhancements and reserve ruling as to the minor or minimal participant role that could apply to defendant in this case. |
|  | Defense counsel withdraws objection to paragraph 81. |
| 12:10 p.m. - | Court is in recess. |
| 1:15 p.m. - | Court reconvenes. |
|  | Court finds that defendant would be entitled to a minor role adjustment under 3b1.2(b) which would be a two level reduction for the minor participant adjustment. |
|  | Defense counsel argues his Motion for Downward Departure Pursuant to |

       5K2.20 (Doc. #129).
       Government argues their position regarding defendant's Motion for Downward Departure.
       Court DENIES Motion for Downward Departure (Doc. #129).
       Defense counsel calls Sonya Salum to testify.
       The Court sentences defendant and advises him of his right to an appeal.
       Court remands defendant to the custody of the U.S. Marshals Service.
       Defense counsel Motions the Court to Reconsider the remanding of the defendant to custody today.
       Court will DENY that request.
3:15 p.m. -  Court is in recess.